**Robert A. McBRIDE, Plaintiff-Appellant,**

v.

**LOFFLAND BROTHERS COMPANY and Travelers Insurance Company, Defendants-Appellees.**

**No. 27936.**

United States Court of Appeals, Fifth Circuit.

Feb. 5, 1970.

Rehearing Denied March 30, 1970.

J. Minos Simon, Lafayette, La., for plaintiff-appellant.

Tom F. Phillips, Baton Rouge, La., for defendants-appellees; Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., of counsel.

Before AINSWORTH, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

■ The principal question presented on this appeal from a jury verdict in this Jones Act (Title 46, U.S.C., Section 688) case is whether there was evidence to support the jury's finding that the appellant was contributorily negligent [1] to the extent of fifty percent. If there was not, the district court should have granted appellant's motion for judgment n.o.v. We affirm.

McBride was injured while working as a roustabout on an offshore drilling rig, "Ocean Master No. 1". It was stipulated by the parties that "Ocean Master No. 1" was a vessel and that McBride was a seaman as contemplated by the Jones Act. He slipped and was injured while assisting in the removal of drill pipe sections from the ocean floor and their storage in a pipe rack on the deck.[2] McBride slipped and fell hard on his buttock upon the catwalk which was caked with drilling mud, chemicals and sea water coming off the pipes as they were removed from the drilling hole. The medical testimony warranted a conclusion by the jury that the catwalk accident caused McBride's back injury.

■ Suit was brought for negligence under the Jones Act and for unseaworthiness. The jury's findings on special verdict were that the vessel was seaworthy, that the owner's negligence was responsible for the plaintiff's injury and that McBride was contributorily negligent to the extent of fifty percent. Since comparative negligence applies equally to both theories of recovery asserted we find it unnecessary to review the appellant's claim that the jury's verdict as to seaworthiness should have been set aside. The basis for the jury's finding that McBride was contributorily negligent appears in the testimony of one of his co-workers, Captain Morgan, who steadfastly asserted that McBride had both a duty and an opportunity (in the form of an available running hose and sufficient time) to hose off the catwalk and keep it free of slippery substances. There is no claim and no evidence that McBride was careless in any other respect. Captain Morgan's testimony was disputed by other co-workers, both as to the availability of hoses and the opportunity to use them during the progress

1. The standard to be applied in testing the sufficiency of the evidence in a Jones Act case is expressed in Lavender v. Kurn, (1946) 327 U.S. 645, 652–653, 66 S.Ct. 740, 743, 744, 90 L.Ed. 916, 922, as follows:

"It is no answer to say that the jury's verdict involved speculation and conjecture. Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference. Only when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear. But where, as here, there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. And the appellate court's function is exhausted when that evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable."

cf. Boeing Company v. Shipman, 5 Cir. 1969, 411 F.2d 365.

2. There was claim of a prior injury received when McBride was struck and knocked against a railing by a swinging basket of groceries being loaded aboard the vessel by the use of a large crane and a cable attached to the free-swinging basket. McBride made no mention of an injury received in the basket accident to one of his own doctors and did not mention it to the doctor appointed by the court to examine him on the company's motion prior to trial. Rule 35, F.R.Civ. P. McBride continued to work and did not report the injury during the three weeks intervening between the two accidents. The injury found by the doctors, a compressed vertebra, was consistent with the circumstances of the catwalk incident but not with the basket incident. The jury was clearly justified in ignoring McBride's claim as to the prior injury.

of the job. Nevertheless we conclude that Captain Morgan's testimony presented a jury issue which was resolved by the special verdict. That the rule of Lavender v. Kurn (footnote [1] supra) is usually applied to determine whether a seaman has demonstrated actionable Jones Act negligence on the part of the employer, does not mean that the rule should not apply equally to weighing the sufficiency of the evidence of contributory negligence of the seaman. In other words, we can see no reason why the rule should not operate equally and evenhandedly as to negligence and contributory negligence. We so hold.[3]

The judgment is

Affirmed.

---

3. See Page v. St. Louis Southwestern Railway Co., 5 Cir. 1965, 349 F.2d 820, 822–824, where we determined in an FELA case that a single standard of proximate causation should be applied equally to employer's negligence and employee's contributory negligence.

