501 F.2d 983
 Stanford G. SCOTT, Plaintiff-Appellant,
v.
FLUOR OCEAN SERVICES, INC., et al., Defendants-Appellees.
No. 74-2397 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Oct 4, 1974.
 
 Roy Maughan, Elliott W. Atkinson, Jr., Baton Rouge, La., for plaintiff-appellant.
 James A. George, Baton Rouge, La., for defendants-appellees.
 Before COLEMAN, DYER and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Scott, a crane operator, was injured when his foot slipped from a step as he was descending from a crane onto the deck of a barge. He sued Fluor Ocean Services, the owner-operator of the barge, alleging unseaworthiness under general maritime law and Jones Act negligence, claiming the step was too small and created a dangerous condition. The matter was submitted to the jury on interrogatories and it found that the step did not constitute an unseaworthy condition. However, the jury returned a verdict in favor of Scott based on Jones Act negligence and awarded him $130,000, less 75% Because of his own contributory negligence.
 
 
 2
 These facts give rise to two basic issues on appeal: first, whether the jury's finding of 75% Contributory negligence on the part of Scott is supported by sufficient evidence; and second, whether the jury's finding that Fluor was negligent is inconsistent with its finding that the vessel was seaworthy, and if so, whether the inconsistency warrants reversal or new trial. Because we answer the first question in the affirmative, we need not reach the second.
 
 
 3
 As the trial court stated in its order denying Scott's motions for judgment N.O.V. or for new trial, there was positive, direct evidence that as Scott proceeded to step down onto the metal step, he was looking at and talking to a fellow employee, and simply misplaced his foot on the edge of the step, causing him to fall. Other positive testimony indicated that the step was adequate for a person paying attention to his descent. There being an evidentiary basis for the jury's verdict as to contributory negligence, the finding will not be overturned. Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916 (1946); McBride v. Loffland Brothers Company, 5 Cir. 1970,422 F.2d 363.
 
 
 4
 Because we uphold the jury's verdict as to contributory negligence, it is unnecessary to decide whether the findings of negligence and seaworthiness are inconsistent. Under maritime law, the comparative negligence of a plaintiff applies equally to both theories of recovery. McBride v. Loffland Brothers Company, supra at 364. In either circumstance, a plaintiff's contributory negligence will not bar his recovery, but will reduce his damage award. Pope & Talbot, Inc. v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953); Canal Barge Co. v. Griffith, 5 Cir. 1973, 480 F.2d 11, rehearing and rehearing en banc denied 1973. Hence, if the jury had found the ship unseaworthy, Scott would be in no better position than he is now. His contributory negligence would serve to reduce the award in either event by 75%.
 
 
 5
 Affirmed.