Lester P. COMEAUX, Sr.,
Plaintiff-Appellant,

v.

T.L. JAMES & COMPANY, INC. and
Highlands Insurance Company,
Defendants-Appellees.

No. 79–2127.

United States Court of Appeals,
Fifth Circuit *.

April 1, 1983.

Brumfield & Brumfield, H. Alva Brum-
field, III, Sylvia Roberts, William P. Brum-

---

* Former Fifth Circuit case, Section 9(1) of Public       Law 96–452—October 14, 1980.

field, Baton Rouge, La., for plaintiff-appellant.

Francis Emmett, Randolph Waits, New Orleans, La., for defendants-appellees.

Before BROWN and POLITZ, Circuit Judges **.

PER CURIAM:

Recognizing the difficulties the Court's opinion might create in the trial of cases involving joinder of Jones Act and unseaworthiness claims, the Court *sua sponte* stayed issuance of the mandate in order to consider these problems further. Having fully reviewed the prior opinion, *see Comeaux v. James*, 666 F.2d 294 (5th Cir.1982), the Court supplements it by adding the following:

■ The "producing cause" FELA standard, used for Jones Act negligence, facilitates proof by the employee, incorporating any cause regardless of immediacy. Plaintiff's burden of proving such cause is "featherweight," *Davis v. Hill Engineering, Inc.*, 549 F.2d 314, 331 (5th Cir.1977), and all that is required is a showing of "slight negligence," *Allen v. Seacoast Products, Inc.*, 623 F.2d 355, 361 (5th Cir.1980). In keeping with this less demanding standard of proof of causation, the test for sufficiency of evidence in a Jones Act case also requires less evidence to support a finding and directed verdicts and j.n.o.v. motions are granted "only when there is a complete absence of probative facts" to support a verdict. *Lavender v. Kurn*, 327 U.S. 645, 652–53, 66 S.Ct. 740, 743, 90 L.Ed.2d 916, 922 (1946) (construing standard for FELA cases, applicable to Jones Act cases, *Ferguson v. Moore-McCormick Lines, Inc.*, 352 U.S. 521, 523, 77 S.Ct. 457, 458, 1 L.Ed.2d 511, 513 (1957)); *Kendrick v. Illinois Central Gulf Railroad Co.*, 669 F.2d 341, 343 n. 1 (5th Cir.1982); *Comeaux v. T.L. James & Co.*, 666 F.2d at 298 n. 3; *Allen v. Seacoast*

*Products, Inc.*, 623 F.2d 355, 3359–60 (5th Cir.1980).

Similarly, we have applied the same standards of proof, causation, and review to the issue of the plaintiff's contributory negligence. *See Campbell v. Seacoast Products, Inc.*, 581 F.2d 98, 99 n. 2 (5th Cir.1978) (applying *Lavender* standard of review to Jones Act case whether jury verdict favors plaintiff or defendant); *McBride v. Loffland Brothers Co.*, 422 F.2d 363, 365 (5th Cir.1970) (applying *Lavender* test to sufficiency of evidence of contributory negligence); *Page v. St. Louis Southwestern Railway Co.*, 349 F.2d 820, 822–24 (5th Cir. 1965) (FELA case applying single standard of proximate causation to employer and employee negligence).

■ The standard required to prove causation as a result of the vessel's unseaworthiness is more demanding than that for recovery under the Jones Act, and requires proof of proximate causation in the traditional sense. Likewise, the proof of plaintiff's negligence is more difficult. So too the test for review of the sufficiency of evidence of proximate cause in an unseaworthiness claim utilizes the *Boeing* standard, not the FELA/Jones Act "complete absence" test.

While we are aware that certain practical problems may arise from the distinction between a claim of unseaworthiness and a claim of Jones Act negligence when tried together, these difficulties are inherent in the nature of the claims, for, as we have shown, each involves a separate standard of proof, causation, and review. The distinction between the claims is understandable when one considers that the bases for liability differ, as do the origins of the two causes, one being of legislative origin (Jones Act) and the other being of judicial creation (unseaworthiness and the general maritime law). The trial complications are the result of the liberal policy of joinder embodied in the Federal Rules of Civil Procedure and the integration of admiralty claims and practices within civil rules of procedure.

** Due to his death on May 15, 1981, Judge Gewin did not participate in this decision. The

case is being decided by a quorum. 28 U.S.C. § 46(d).

Yet, while we are sympathetic to the difficulties entailed in trying at one time both Jones Act and unseaworthiness claims, we are convinced that the problems can be resolved with less than Herculean effort. First, the jury in the judge's general charge under F.R.Civ.P. 49(a) must be charged on the two distinct theories. Second, the construct of the 49(a) special interrogatories should reflect the independent characteristics of the two causes of action. Thus, the question relating to the Jones Act claim should focus the jury's attention on the Jones Act issues when inquiring about the Jones Act negligence of the defendant and contributory negligence of the plaintiff and the percentage extent thereof. They should similarly and separately ask whether the vessel was unseaworthy and, if so, whether, and to what percentage extent, the plaintiff's negligence contributed to the injury sustained as a result of unseaworthiness. When all of the claimed damages stem from a single event, a single interrogatory concerning the amount of damages may then be submitted, for, in that event, damages are framed in terms of operational occurrences, i.e., the accident or event, but causation must be determined in light of the separate standards of proof.

Direct focus on the evidence that supports or disproves the various issues will not only direct the jury's attention to the issues but will also facilitate post-verdict review in the trial court and appellate review.

The fact that this case must be remanded introduces a separate problem, for, without at least a partial new trial, the indispensable question cannot be answered. Although we have found that judgment should have been directed for the plaintiff on his unseaworthiness claim, we must leave to the trial court, with the assistance of counsel, the determination whether it is necessary for a jury to hear all of the evidence relating to unseaworthiness liability in order to determine the quantum of negligence contribution to the injury resulting from unseaworthiness or whether the retrial of that issue can appropriately be limited. Since the interrogatory concerning the amount of damages was framed in terms of "the accident", the part of the judgment resting on this verdict is AFFIRMED. In addition, those portions of the judgment pertaining to the Jones Act claims are AFFIRMED. The judgment with regard to liability on the unseaworthiness claim is REVERSED, and, in order to assess damages on that claim, the case is REMANDED for further proceedings consistent with this opinion.

This order does not alter our initial opinion as to the necessity for a new trial on the second accident.