Robert Lee FONTENOT, Plaintiff-Appel-
lant Cross-Appellee,

v.

TELEDYNE MOVIBLE OFFSHORE,
INC., Defendant-Appellee
Cross-Appellant.

No. 82–4554
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 11, 1983.

Vidrine & Wimberley, Andrew Vidrine, Church Point, La., for plaintiff-appellant cross-appellee.

John E. Galloway, New Orleans, La., for defendant-appellee cross-appellant.

Before CLARK, Chief Judge, RUBIN and JOLLY, Circuit Judges.

CLARK, Chief Judge:

In the course of his employment for Teledyne Movible Offshore, Inc. (Teledyne), Robert Lee Fontenot suffered shoulder injuries while being hoisted out of the hollow leg of a drilling rig. He appeals a jury verdict finding him contributorily negligent. Finding a sufficient evidentiary basis for the verdict, we affirm the judgment of the district court.

On September 1, 1979, Fontenot was a maintenance helper or roustabout on a Teledyne drilling rig. He descended that day through a manhole some thirty-five feet into a hollow leg of the rig to chip rust off a flange above a dewatering pump. He was lowered into and lifted out of the leg's shaft in a boatswain's chair attached by a cable to an air hoist some distance from the shaft. After he had completed his work in the shaft, Fontenot signalled deckhands above the shaft to have the air hoist operator lift him out. As Fontenot was lifted to the top, his shoulder was injured when it struck a beam situated just beneath the manhole.

Fontenot filed suit against Teledyne under the Jones Act, 46 U.S.C. § 688, and the general maritime law of the United States, alleging negligence and unseaworthiness. The case was submitted to a jury under Fed.R.Civ.P. 49(a) with a general charge and special interrogatories.* Although Teledyne filed a notice of appeal from the final

---

* The special interrogatories and answers were:

1. Was Teledyne guilty of negligence which contributed in whole or in part to plaintiff's injury of September 1, 1979?

   Answer "Yes" or "No".  ANSWER:  Yes

2. Was the plaintiff guilty of negligence which contributed in whole or in part to the injury of September 1, 1979?

   Answer "Yes" or "No".  ANSWER:  Yes

   If your answer to question No. 2 is "Yes", then answer number 3; if your answer to question No. 2 is "No", then, of course, you should ignore question No. 3.

3. To what extent, expressed as a percent, did plaintiff's negligence contribute to his injury of September 1, 1979?

   Answer in percentage.  ANSWER:  25%

4. Was unseaworthiness on the part of the Teledyne vessel a proximate cause of plaintiff's injury of September 1, 1979?

   Answer "Yes" or "No".  ANSWER:  Yes

5. What amount of money will fairly compensate the plaintiff for his injury, without any reduction for any percentage of contributory negligence which you may have found on his part?

   Answer by means of a numerical figure.

   ANSWER: $275,000.00

judgment, Teledyne argues on brief only to uphold the judgment. Hence the sole issue before us is the sufficiency of the evidence to sustain the jury's finding that Fontenot was contributorily negligent.

At the outset, we note that "sufficiency" of evidence has two distinct meanings relevant to this case, each with its own standard of review. In its technical sense, sufficiency refers to the purely legal question whether it was erroneous to submit the case to the jury and whether, as a matter of law, the evidence would support the jury's verdict. *See Urti v. Transport Commercial Corp.,* 479 F.2d 766, 769 (5th Cir.1973). An appeal of a motion for directed verdict or j.n.o.v. involves sufficiency in this sense. In its other, nontechnical sense, sufficiency refers to the adequacy of the basis upon which the trial judge exercised his discretion in ruling upon a motion for a new trial. *See id.*

Although the parties on brief address themselves only to "sufficiency" in general, we address the two aspects of sufficiency separately and in turn, to avoid confusing the appropriate standard of review by blurring the two distinct meanings.

As regards sufficiency in its technical sense, the standard of review for claims arising under general maritime law is the so-called "reasonable minds" standard. *Comeaux v. T.L. James & Co.,* 666 F.2d 294, 298 (5th Cir.1982). As set out in *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969) (en banc), this standard requires the appellate court to judge in light of *all* the evidence whether "reasonable men could not arrive at a contrary verdict" to that urged by the movant.

For sufficiency claims arising under the Jones Act, on the other hand, the standard of review is stricter, reflecting the corresponding leniency of the evidentiary showing required to make out a case under that Act. The appropriate standard is whether there is a "complete absence of probative facts" to support the non movant's position. *Thezan v. Maritime Overseas Corp.,* 708 F.2d 175 at 180 (5th Cir.

1983). This court applies the same standard whether reviewing findings regarding a defendant's or a plaintiff's negligence. *Alverez v. J. Ray McDermott & Co.,* 674 F.2d 1037, 1043 (5th Cir.1982).

The special interrogatories in this case do not specifically assign the contributory negligence finding made to the negligence claims or to the unseaworthiness claim. This court has previously ruled that where Jones Act and unseaworthiness claims are joined, the special interrogatories should reflect separately the special characteristics of the two causes of action and should assign separate findings of contributory negligence to the two causes of action. *See Comeaux v. T.L. James & Co.,* 702 F.2d 1023, 1025 (5th Cir.1983). We have also recognized, however, that where damages stem from a single accident or event, it is not inappropriate to submit a single interrogatory concerning the amount of damages. *See id.* This same reasoning applies to the factual determination of contributory negligence.

Neither the form of the interrogatories nor the court's accompanying instructions assign contributory negligence to one cause of action or the other. The ordering of the interrogatories and instructions suggests, however, that contributory negligence may have been assigned to the Jones Act claim, since the contributory negligence interrogatory appears only once and then after the negligence interrogatory but before the unseaworthiness interrogatory. This lack of specific assignment does not control the appellate review in this case, because the two causes of action stem from a single accident. Then too, the effect of a finding of contributory negligence in an unseaworthiness claim, as in a Jones Act claim, is only to reduce damages proportionately, not to bar the claim. *See Comeaux, supra,* 666 F.2d at 299. If Fontenot's own negligence has contributed to his injuries to the extent of twenty-five percent, as found by the jury, then his award of damages is properly diminished to that extent regardless of whether his contributory negligence arose in connection with the negligence

claims or the unseaworthiness claim. Hence, if the evidence is sufficient to support the verdict of contributory negligence under either cause of action, we must affirm.

Neither party has made an effort on brief to distinguish the injury attributable to this accident from the injury attributable to the situation that gave rise to the accident. Neither party directs its arguments about sufficiency towards unseaworthiness. It is inappropriate for this court to speculate about potential, unbriefed issues inherent in the unseaworthiness claim, and so we confine our review of sufficiency to Jones Act negligence. Indeed, Fontenot advances a "no probative evidence" standard, although without specifically referring to the Jones Act.

■ Applying the appropriate standard of review, we do not find a "complete absence of probative facts" to support the jury's finding of contributory negligence. Evidence offered at trial indicated that a seaman in the boatswain's chair could control the direction that his body faced and that by positioning himself correctly, he would avoid hitting the beam upon which Fontenot was injured. Although the seaman's duty to protect himself is slight, still that duty does exist. *Bobb v. Modern Products, Inc.,* 648 F.2d 1051, 1056–57 (5th Cir. 1981). The seaman has a duty to follow a safe course of conduct of which he knows or should have known and that is readily available to avoid an unsafe course. *Thezan, supra,* 708 F.2d at 180.

Fontenot alleges that the air hoist was running at a faster speed than normal and that his shouts to slow it down and to stop it were ignored. Co-workers who were near the top of the shaft at the time of the accident, however, testified that they did not hear Fontenot shout. Too, evidence was offered that the air hoist was running at a normal speed.

Taking this evidence as a whole, the jury could find a reasonable basis for its belief that Fontenot had fallen short of his duty to protect himself. Although the jury's finding is based in part on inference, that

does not condemn its fact finding. "Fact finding does not require mathematical certainty. Jurors are supposed to reach their conclusions on the basis of common sense, common understanding and fair beliefs, grounded on evidence consisting of direct statements by witnesses or proof of circumstances from which inferences can fairly be drawn." *Schulz v. Penn. R.R. Co.,* 350 U.S. 523, 527, 76 S.Ct. 608, 610, 100 L.Ed. 668 (1956). Although the inferences drawn by the jurors might differ from those that appellate judges would have drawn sitting as jury, as a matter of law we cannot find their fact finding to lack an evidentiary basis.

■ We also hold that the evidence was sufficient (in its nontechnical sense) to support the trial judge's exercise of discretion in denying the motion for a new trial. The appropriate standard of review requires a "reasonable evidentiary basis" for the jury's verdict. *Thezan, supra,* 708 F.2d at 181. The evidence discussed above provides this "reasonable evidentiary basis."

The judgment of the district court is AFFIRMED.