Mark Todd ROBIN, Plaintiff-Appellant,

v.

WILSON BROTHERS DRILLING, et al.,
Defendants-Appellees.

No. 82–3586.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 6, 1983.

Gill & Bankston, Baton Rouge, La., J. Lomax Jordan, Jr., Karen Robin, Stephen Spring, Lafayette, La., for plaintiff-appellant.

Randall K. Theunissen, Lafayette, La., for defendants-appellees.

Before CLARK, Chief Judge, RUBIN and JOLLY, Circuit Judges.

PER CURIAM:

Mark Todd Robin filed suit against Wilson Brothers Drilling Co. (Wilson Brothers) and Gulf Oil Corporation, raising claims of unseaworthiness and Jones Act negligence. On this appeal of the jury verdict in favor of the defendants, Robin contends that the district court committed reversible error in failing to instruct the jury properly. He also argues that his proof of negligence and unseaworthiness required the district court to direct a verdict in his favor or grant a judgment notwithstanding the verdict. Alternatively, he argues that he should have been granted a new trial. Finding the jury instructions proper and the evidence suffi-

cient to support the verdict, we affirm the judgment of the district court.

### 1. Facts

Robin was tailing pipe on a Wilson Brothers barge in Timbalier Bay in August 1980. Prior to the crew's returning to the barge for another seven-day period, the barge had been moved off location because of a hurricane. When it was moved back on location, it leaned to one side. Efforts to correct the list by adjusting the water level in the barge's compartments were unsuccessful. The only other way to correct the list was to pull the barge off location and redredge the bed.

The barge was left on location because only a short time remained to plug and abandon the hole and because it would be a costly operation to move the barge at that time. The Wilson Brothers supervisor, Robin's father, thought that the barge was a safe place to work, even with the list. The list was not indicated on the daily drilling reports, prepared by Robin's father. Some list in a barge was not considered unusual. Some employees complained about the list to the Wilson Brothers supervisor and to the Gulf Oil Company representative on board. But testimony also raised some question whether the Gulf Oil representative had observed the list or the problems it created in handling the pipe. The barge was considered in generally good condition except for the list.

The list made Robin's job of tailing pipe more difficult. His hand became swollen and locked after he finished work. He did not report his hand injury to Wilson Brothers until January 1981, which was several months later. Robin and another witness considered the job of tailing pipe a one-man job. Testimony indicated that the driller was running the pipe fast, but not too fast for an experienced worker like Robin.

### 2. Jury Instructions and Interrogatories

■ Robin argues that the district court failed to instruct the jury that an employer must show a higher degree of care for work aboard a vessel than on land. This argument is without merit. The record clearly establishes that the district court did instruct the jury that the Jones Act negligence claims required only a showing of slight negligence that contributed in any way to Robin's injury.[1] The court also instructed the jury on the need to find both negligence and causation. Furthermore, Robin made no objection to the court's instructions before the jury retired; therefore, absent plain error, he may not assign this claim as error. *See Haupt v. Atwood Oceanics, Inc.,* 681 F.2d 1058, 1062 (5th Cir. 1982).

Robin also contends that the verdict form permitted the jury to provide a single answer to the questions of both negligence and causation under both the unseaworthiness and Jones Act claims. The form did indeed pose both of these issues in a single question. The verdict form requested by Robin, however, also posed both of these issues in a single question. Furthermore, Robin did not object to this aspect of the verdict form. Having failed to object during the trial, Robin cannot raise this objection for the first time on appeal. *Wood v. Diamond M Drilling Co.,* 691 F.2d 1165, 1169 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1523, 75 L.Ed.2d 947 (1983).

### 3. Directed Verdict

Robin argues that the evidence of negligence and unseaworthiness entitled him to

---

1. The trial judge instructed the jury:

For purposes of this action, of this [Jones Act] claim, negligence is a legal cause of damage if it played any part, no matter how small, in bringing about or actually causing the injury or damage. So, if you should find from the evidence in the case that any negligence of the defendant Wilson Brothers Drilling Company contributed in any way toward any injury or damages suffered by the plaintiff, you may find that such injury or damage

was legally caused by the defendant Wilson Brothers Drilling Company's act or omission.

   \*    \*    \*    \*    \*    \*

Unlike the Jones Act claim, with respect to which the plaintiff may recover if the alleged negligence is proved to be a slight cause of the injury sustained, in order to recover on a claim of unseaworthiness it must be proved that the unseaworthy condition was a substantial cause of the injury complained of.

a directed verdict or judgment notwithstanding the verdict (j.n.o.v.) on the liability issues. Robin is entitled to a directed verdict or j.n.o.v. on the unseaworthiness claim only "[i]f the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict . . . ." *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969) (en banc).

■ Ordinarily, this court reviews sufficiency of evidence by a stricter standard for Jones Act claims than for other claims such as unseaworthiness. This is a corollary of the lighter burden of proof demanded of a seaman to make out a claim under the Jones Act. *See, e.g., Thezan v. Maritime Overseas Corp.,* 708 F.2d 175, 180 (5th Cir. 1983). Under that strict standard of review, adopted from Federal Employers' Liability Act (FELA) cases, a directed verdict or j.n.o.v. is appropriate "[o]nly when there is a complete absence of probative facts" to support the verdict. *Lavender v. Kurn,* 327 U.S. 645, 652–53, 66 S.Ct. 740, 743, 90 L.Ed. 916, 922 (1946); *Alverez v. J. Ray McDermott & Co.,* 674 F.2d 1037, 1042–43 (5th Cir.1982). It is unsettled in this circuit, however, whether the policy concerns that support a stricter standard of review when the employer asks for a directed verdict are equally applicable when the seaman asks for a directed verdict.[2] We need not resolve that issue today, for the record shows that Robin cannot satisfy even the *Boeing* "reasonable men" standard, which would permit a directed verdict or j.n.o.v. more readily than the FELA standard.

■ The facts and the reasonable inferences which can be drawn from them do not point so overwhelmingly to a decision in Robin's favor that reasonable men could not have arrived at the verdict that the barge was seaworthy and the defendants not negligent. Hence, even under the standard of review most favorable to Robin, he is not entitled to a directed verdict or j.n.o.v.

### 4. New Trial

■ Robin also argues that the district court should have granted his motion for a new trial. A trial judge can grant a motion for a new trial if he believes the verdict is contrary to the weight of the evidence. He is free to weigh the evidence in considering this motion. But appellate review of the trial court's action is limited to consideration of whether the lower court abused its broad discretion. *See Bazile v. Bisso Marine Co.,* 606 F.2d 101, 105 (5th Cir.1979), *cert. denied,* 449 U.S. 829, 101 S.Ct. 94, 66

---

**2.** This court has previously addressed the problems of devising a completely reciprocal standard of review of Jones Act verdicts:

> The strict standard has so far been applied when the defendant, the seaman's *employer,* has moved for a directed verdict. In *Allen v. Seacoast Products, Inc.,* 623 F.2d 355 (5th Cir.1980), this court questioned its suitability to a motion brought by a plaintiff *seaman* because "[a] directed verdict in a seaman's favor . . . furthers the [Jones] Act's purposes, . . . is consistent with the seaman's 'featherweight' burden of proof, and . . . provides as much remedy to the seaman as could the most sympathetic jury." 623 F.2d at 360.

> The court in *Allen* observed that the "reasonable man" standard might provide the more appropriate test of the sufficiency of the evidence on a seaman's motion for a directed verdict. *Id.* However, the court also noted that this standard may be almost as strict as the FELA test because of a rule that the party with the burden of persuasion is entitled to a directed verdict only upon a showing of "overwhelming" evidence. *Id.* at

n. 9. The court did not resolve the question of the appropriate standard at that time because, under the evidence in *Allen,* the directed verdict in favor of the plaintiff as to negligence was sufficient to meet the stricter FELA standard.

For similar reasons, we need not here reach the question of which standard applies to the seaman's motion for directed verdict on a Jones Act claim. *Jussila v. M/T Louisiana Brimstone,* 691 F.2d 217, 219 (5th Cir.1982). *But see Campbell v. Seacoast Products, Inc.,* 581 F.2d 98, 99 (5th Cir.1978) (applying FELA standard in evaluating sufficiency of evidence to support jury's finding of no employer negligence).

In reviewing sufficiency of evidence to support a finding of a seaman's contributory negligence, on the other hand, this court has consistently applied the FELA standard. *See Fontenot v. Teledyne Movible Offshore, Inc.,* 714 F.2d 17 at 18 (5th Cir.1983); *Alverez v. J. Ray McDermott & Co.,* 674 F.2d 1037, 1042–43 (5th Cir.1982); *McBride v. Loffland Bros. Co.,* 422 F.2d 363, 365 (5th Cir.1970).

L.Ed.2d 33 (1980). The facts discussed above provide a reasonable evidentiary basis for the jury's verdict. The district court did not abuse its discretion in denying the motion for a new trial.

The judgment of the district court is AFFIRMED.