488 So.2d 679 (1986)
Robert S. DAIGLE
v.
COASTAL MARINE, INC., et al. (Two Cases)
Nos. 86-C-0426, 86-C-0427.
Supreme Court of Louisiana.
May 12, 1986.
Rehearing Denied June 13, 1986.
*680 PER CURIAM.
These are companion applications by Robert S. Daigle, plaintiff, and Coastal Marine, Inc., defendant, from a judgment of the Court of Appeal, First Circuit. 482 So.2d 749 (La.App. 1 Cir.,1985).
The applications are granted in part as relates to remand for new trial.
Plaintiff Daigle, a resident of Iberia Parish, Louisiana, was a passenger on a crew boat owned and operated by Coastal Marine, Inc., a Louisiana corporation, when he slipped on a vessel stairway, on March 2, 1982, injuring his back.[1] A jury awarded Daigle $250,835 in damages, finding Coastal ten percent at fault, absent entities thirty percent at fault, and Daigle sixty percent at fault. As a joint tort-feasor, Coastal was cast in judgment for the total award, representing forty percent of the damages.
Coastal appealed, alleging that the trial court erred in ruling that Coastal was responsible for the fault of absent tort-feasors.[2]
*681 In answer to Coastal's appeal, plaintiff alleged that the jury, being prejudiced by evidence of seven prior claims, allocated a higher percentage of negligence to him, resulting in an inadequate award of damages. The court of appeal, relying on Trahan v. Gulf Crews, Inc., 260 La. 29, 255 So.2d 63 (1971), decided its scope of review was limited to either accepting or rejecting the jury verdict. Concluding that the prior claims' evidence was erroneously allowed to plaintiff's prejudice, the court of appeal, rather than considering the record and deciding the case, remanded for a new trial.
Trahan was a Jones Act case. Plaintiffs' decedent was a member of the crew of a vessel. Because of the strict standard of appellate review in Jones Act cases, a judgment for plaintiff must be affirmed unless there is a complete absence of supporting probative facts. Thezan v. Maritime Overseas Corp., 708 F.2d 175 (5 Cir., 1983).[3]
This is not a suit under the Jones Act. Plaintiff was not a seaman or crew member. His job involved oil production on the outer continental shelf. OCSLA (43 U.S.C.A. § 1333) "is not inimical to state-court jurisdiction over personal injury actions. Nothing inherent in exclusive federal sovereignty over a territory precludes a state court from entertaining a personal injury suit concerning events occurring in the territory...." Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473 at 481, 101 S.Ct. 2870 at 2876, 69 L.Ed.2d 784 at 793 (1981). In the Gulf Offshore Co. case, the parties agreed that the substantive law of Louisiana was applicable, unless it conflicted with federal law. Here, also, the matter is subject to the substantive law of Louisiana.
After a Louisiana resident filed a claim in state court, a Louisiana defendant was cast in judgment. All significant contacts were exclusively with Louisiana and Louisiana's state statute, LSA-C.C. art. 2315, is not preempted by any federal legislation.[4] When congress is silent on a particular question, there is no bar to application of a state statute to its own citizens on the high seas. Skiriotes v. Florida, 313 U.S. 69, 61 S.Ct. 924, 85 L.Ed. 1193, reh. den. 313 U.S. 599, 61 S.Ct. 1093, 85 L.Ed. 1552 (1941).[5] Louisiana can extend the protection of LSA-C.C. art. 2315 to its constitutional limits in personal injury actions involving Louisiana residents where Louisiana has a strong interest in the transaction and there is no conflict with federal law. See the discussion in Tallentire v. Offshore Logistics, Inc., 754 F.2d 1274 (5 Cir., 1985), cert. granted ___ U.S. ___, 106 S.Ct. 60, 88 L.Ed.2d 48 (1985).
*682 Plaintiff also alleged that the trial court erred in granting a directed verdict in favor of Union Oil Company of California, the time charterer of the vessel, prior to the jury's deliberations. The court of appeal affirmed the directed verdict in favor of Union.[6]
To summarize, the procedural law of Louisiana controls as to the scope of appellate review. Icicle Seafoods, Inc. v. Worthington, ___ U.S. ___, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986). The substantive law of Louisiana is also controlling except where it conflicts with federal law. Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981). If there is any conflict with federal law on the issue of Coastal's liability for the fault of the absent entities, joint tortfeasors, federal law would prevail. Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256, 99 S.Ct. 2753, 61 L.Ed.2d 521, reh. den. 444 U.S. 889, 100 S.Ct. 194, 62 L.Ed.2d 126 (1979).
The court of appeal erred in remanding this matter for a new trial after determining that there was prejudicial error by the trial court. Under its constitutional authority to review the law and the facts, the court of appeal must consider and decide the case. Gonzales v. Xerox, 320 So.2d 163 (La.,1975). Also see Picou v. Ferrara, 483 So.2d 915 (La.,1986). The applications of plaintiff Daigle and defendant Coastal for review are otherwise denied and the matter is remanded to the court of appeal for decision.
WRIT GRANTED IN PART, OTHERWISE DENIED; REMANDED.
LEMMON, J., concurs.
DENNIS, J., would grant and docket the matter for argument.
NOTES
[1] Plaintiff was not a seaman but an installer of offshore equipment employed by Heitman Oilfield Supply Company, Inc., enroute to a Union Oil Company of California rig; Union was the time charterer of the vessel. The Union rig was located ninety miles offshore and the trip took twelve hours. It was plaintiff's first trip on this vessel. There was expert testimony that the vessel's stairway was defectively designed, situated across the vessel instead of from front to back, and was angled at sixty-four degrees rather than the normal forty to fifty degrees. Because of the stairs' construction, the rising and falling of the sea caused them to become almost vertical with the movement of the ship. Moreover, the stairs had only one handrail and insufficient lighting. Plaintiff contended that he fell because of rough seas, the design of the stairs, the failure of the crew to warn him of the dangerous condition, the darkness of the stairwell, oil on the deck, and failure to have two qualified ocean operators aboard, as required by Coast Guard regulations.
[2] This issue is pretermitted for decision by the court of appeal on remand, but see Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256, 99 S.Ct. 2753, 61 L.Ed.2d 521, reh. den. 444 U.S. 889, 100 S.Ct. 194, 62 L.Ed.2d 126 (1979), where footnote 8 states in pertinent part: "A tortfeasor is not relieved of liability for the entire harm he caused just because another's negligence was also a factor in effecting the injury. `Nor are the damages against him diminished.' " 443 U.S. at 260, 99 S.Ct. at 2756, 61 L.Ed.2d at 527.
[3] The federal standard of review for claims under general maritime law is whether reasonable men could have arrived at a contrary verdict. Fontenot v. Teledyne Movible Offshore, Inc., 714 F.2d 17 (5th Cir., 1983); Comeaux v. T.L. James & Co., 666 F.2d 294 (5 Cir., 1982); Boeing Co. v. Shipman, 411 F.2d 365 (5 Cir., 1969). Factual findings are reviewed under "the clearly erroneous standard". Parks v. Dowell Div. of Dow Chemical Corporation, 712 F.2d 154 at 158 (5 Cir., 1983). Consolidated Grain & Barge Co. v. Marcona Conveyor Corp., 716 F.2d 1077 (5th Cir., 1983); Transorient Navigators Co., S.A. v. M/S Southwind, 714 F.2d 1358 (5 Cir., 1983). Even if Trahan controls the standard of review in state court on Jones Act claims, the standard of review for claims under general maritime law is different. Moreover, "state courts are not required to apply Rule 52(a) [the clearly erroneous standard of review]a rule of federal civil procedureto their own appellate system for reviewing factual determinations of trial courts." Icicle Seafoods, Inc. v. Worthington, ___ U.S. ___, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986).
[4] The petition states: "This is a claim made under laws of the State of Louisiana and the United States of America."
[5] "[T]he presumption of concurrent jurisdiction can be rebutted by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests...." Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473 at 478, 101 S.Ct. 2870 at 2875, 69 L.Ed.2d 784 at 791 (1981).
[6] This issue is pretermitted, because the entire case is being remanded to the court of appeal for decision. The terms of the time charter in question are not contained in the applications. While the trial court may have been correct in granting Union Oil's directed verdict, the question deserves a more extensive analysis than that presented in the original court of appeal opinion.