546 So.2d 480 (1989)
Brook NEFF
v.
Ray O. ROSE, Riechman Enterprises, Inc., Southeast Engineered Equipment, Inc. et al.
No. CA-8892.
Court of Appeal of Louisiana, Fourth Circuit.
February 28, 1989.
Rehearings Denied August 9, 1989.
*481 Paul L. Katz, Covington, for plaintiff.
Peter C. Matherne, Bastian & Wynne, New Orleans, for defendants.
Before GARRISON, BARRY, WARD, WILLIAMS and ARMSTRONG, JJ.
BARRY, Judge.
In 1983 James Cross, Bobby Allen and Brook Neff were going home in a small truck driven by Cross and owned by his father, Earl Cross. An eighteen wheeler driven by Ray Rose accidentally dropped its load of industrial wire on the highway. The truck ran into the bales of wire and the three men were injured.
Neff sued Rose, his employer Engineered Rentals, Inc. and its insurer St. Paul Fire and Marine Insurance Co.; Riechman Enterprises, Inc., lessee of the eighteen wheeler and its insurer, Transit Casualty Co.; Southeast Engineered Equipment, Inc., owner and lessor of the eighteen wheeler and its insurer, Granite State Insurance Co.; Earl and James Cross and their insurer, Allstate Insurance Company.
Cross and Allen also sued for personal injuries and the three suits were consolidated. Summary judgment was granted in favor of St. Paul and the record indicates that Transit went bankrupt. The only issue for the jury was quantum.
The court's pretrial order required all interrogatory responses be made 45 days before trial. Shortly after that deadline Neff supplemented his answers to include the names of two witnesses. The defendants' motion in limine to exclude one of those witnesses, Dr. Michael Howard, was *482 granted because Neff's answer was not timely.
The defendants also filed a motion to limit the testimony of Dr. Esther Gwinnell, a psychiatric witness who was timely listed in the answers to the interrogatories. Dr. Gwinnell had examined Dr. Howard's report, re-evaluated Neff, and modified her diagnosis which then essentially agreed with Dr. Howard's conclusions. The trial court granted the motion to exclude any reference by Dr. Gwinnell to Dr. Howard's report.
Neff's application for supervisory writs to this court was granted in part:
[R]elator is entitled to present to the jury the up-to-date testimony of his psychiatrist, including her opinions, as updated by the report of the neuropsychologist. Relator may also proffer the testimony of his neuropsychologist.
Neff's motion for a continuance and/or a severance was denied. During trial the defendants stipulated to liability and the jury returned a verdict in favor of the three plaintiffs. Dr. Howard's report was proffered.
The judgment for Neff was against Rose, Riechman, Engineered, Southeast and Granite State for $60,000, plus interest and costs. A judgment for $2,000 was also rendered in favor of Allstate, as plaintiff in intervention, to be deducted by preference and priority from Neff's award.[1]
On Neff's motion, Riechman was deleted from the judgment because its liability had never been joined. Subsequently the trial court on its own motion recalled the order and reinstated the original judgment.
We first consider Neff's contention that the trial court erred by allowing attorney John Sileo to participate in the case. According to the record, John Sileo represented Allstate Insurance Company, insurer for the Crosses. The Crosses and Allstate were co-defendants. Even though the Crosses and Allstate were not cast in judgment, they were never dismissed. Sileo was entitled to appear in the suit as attorney for the three co-defendants.
This specification has no merit.
Neff claims that prohibiting Dr. Howard from testifying prevented him from adequately presenting medical evidence on his alleged brain damage.
La.C.C.P. Art. 1551, relative to pre-trial orders, provides:
In any civil action in a district court the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider:

* * * * * *
(6) Such other matters as may aid in the disposition of the action.
The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.
Much discretion is given to the trial judge in determining whether to modify the pre-trial order. Highlands Ins. Co. v. Missouri Pacific Railroad Co., 532 So.2d 317 (La.App. 3rd Cir.1988).
A vocational evaluation expert, Bobby Roberts, evaluated Neff in January, 1987, reported a possible brain dysfunction, and recommended that Neff be evaluated for brain damage. There was no prior indication of brain damage.
According to the briefs, prior to trial Neff lived in Iowa and no health professionals who could do the appropriate evaluation were available. Dr. Howard, a neuropsychologist, was in Dallas and Neff was taken there for tests which were performed on February 24 and 25, 1987. Dr. Howard's March 18, 1987 report was the basis for plaintiffs amendment of his answers to *483 interrogatories in order to include Dr. Howard as a witness.
Neff's counsel claims that the amendment was mailed from his office in Covington on Monday, March 23, 1987, the first workday following the last day for interrogatory responsesFriday, March 20, 1987. Defense counsel was notified by telephone on March 26, 1987 and subsequently received the March 23, 1987 letter.
Dr. Howard's report concludes that Neff was suffering from a post-traumatic stress syndrome and a post-concussion syndrome. The report contains considerable detail regarding the two day battery of tests administered, the specific deficiencies which he found, and the findings upon which he relied to reach his conclusions.
La.C.C.P. Art. 1551 authorizes the trial court to modify pre-trial orders to prevent "manifest injustice." While pretrial orders assist the trial court in the orderly management of its cases, La.C.C.P. Art. 1551 does not authorize severe limitation of a party's rights for the technical, though justifiable, violation of a pre-trial order.
Here, an important and previously missed injury (brain damage) was diagnosed approximately two months prior to trial and defense counsel was promptly notified. Plaintiffs counsel (not his original attorney) notified his opponent approximately 40 days prior to trial. He amended the answers on the third work day after the date of Dr. Howard's report and the first work day following the pre-trial deadline.
We conclude the trial court abused its discretion by not permitting modification of its pre-trial order. To hold otherwise would sanction the manifest injustice which La.C.C.P. Art. 1551 seeks to avoid.
The dissent herein asserts that the prior writ disposition should be considered the "law of the case." We disagree.
The writ disposition does not pass on the trial court's judgment regarding the exclusion of Dr. Howard's testimony. It merely states he is entitled to present the testimony of Dr. Gwinnell.
Also, the writ disposition specifically provides that Dr. Howard's testimony could be proffered. Proffers are made to facilitate review of the admissibility of their contents. To say that the prior writ disposition is the "law of the case" is to make the proffer meaningless.
The writ panel did not have the complete record when it considered the application. Importantly, Dr. Gwinnell's testimony was not taken. Thus, the writ panel did not know that Dr. Gwinnell would rely upon Dr. Howard's report while giving only passing reference to important details in the report.
When a record is complete, an appellate court must decide the case rather than remand. Daigle v. Coastal Marine, Inc., 488 So.2d 679 (La.1986); Thomas v. Missouri Pacific R. Co., 466 So.2d 1280 (La.1985). This record is incomplete because we cannot consider quantum based on the hearsay assertions of the proffered report. Dr. Gwinnell's testimony does not encompass the specifics on the brain damage nor did the jury hear that pertinent evidence. Even though Dr. Gwinnell's conclusion agrees with Dr. Howard, her testimony was far less detailed. The case must be remanded for new trial.
The judgment of the district court is reversed and the case remanded for a new trial.
REVERSED; REMANDED.
WILLIAMS, Judge, dissenting.
Because I believe this court's prior ruling on appellant's previous application for supervisory writs, dated May 4, 1987, constitutes the law of the case, I respectfully dissent. Under Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971), the law of the case principal applies where, as here, a prior ruling reflects prior adjudication by us of an issue involving the same parties who thus had their day in court. See Henry v. Ford Motor Company, Inc., 519 So.2d 845 (La.App. 4th Cir.1988). The issue upon which the majority decides this appeal is whether the trial court abused its discretion by not permitting modification of its pre-trial order and thus, disallowing presentation *484 by appellant of a neuropsychologist as an expert witness. This same issue was considered in appellant's writ application, where appellant additionally sought to have the updated testimony of a second expert, a psychiatrist, allowed at trial. Upon consideration, this court ruled that relator was entitled to present the updated testimony of the psychiatrist, but did not find the trial court abused its discretion in prohibiting modification of the pre-trial order. We did allow that "(r)elator may also proffer the testimoney (sic) of his neuropsychologist."
This court's ruling on the writ application involving modification of the pre-trial order constitutes law of the case in the absence of palpable error or manifest injustice resulting from application of the doctrine. Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., supra; Henry v. Ford Motor Company, Inc., supra; Bouzon v. Bouzon, 527 So.2d 357 (La.App. 5th Cir. 1988). It is my opinion that there is no showing of palpable error or manifest injustice in the instant case. We ruled in appellant's writ application that relator was entitled to present the psychiatrist's testimony as updated by the report of the neuropsychologist. This, in fact, was done. The transcripts of the trial show that, after considering the report of the neuropsychologist, the psychiatrist unequivocally diagnosed appellant as having brain damage and that the brain damage could not be reversed. I do not find that the report of the neuropsychologist is significantly illuminating with respect to this conclusion except to provide a detailed description of the array of tests performed. I do not believe the neuropsychologist's testimony concerning his report would have notably affected the findings of the jury. That plaintiff could not in open court evaluate the minutely detailed host of tests performed in reaching the pivotal conclusion of brain damage is not, in my view, manifestly unjust. For these reasons, I respectfully dissent.
NOTES
[1] Though no intervention is in the record, during argument counsel for plaintiff stated that he had no objection to the intervention judgment.