| t PLOTKIN, Judge.
WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED; MOTION TO STRIKE DENIED; CASE REMANDED.
The only remaining defendants in this case, Dillon Companies and Time Saver Stores, Inc. (hereinafter referred to collectively as “Dillon”), seek review of a trial court judgment partially granting a motion to strike its amended witnesses lists. The effect of the trial court judgment is to prevent the testimony of expert witnesses that were included on witness lists filed by co-defendants in the case. When those co-defendants settled with the plaintiff within a week of the signing of the pre-trial order, Dillon amended its witness list to include the settling defendants’ previously-named experts. The trial court struck the amended lists, finding that Dillon had violated the pre-trial order.
Two requirements of the pre-trial order impact the issue presented by this writ application. First, the pre-trial order requires that the parties “must exchange *236 their final witness list prior to the setting [of] the case for trial.” Second, the pretrial order states that the court “will not permit any expert witness to testify unless 12such witness has been made available for discovery prior to setting the case for trial.” Although nothing in the writ application or the opposition reveals when the case was first set for trial, the amended witness lists filed by Dillon apparently came after that date. However, the trial was later continued, and is now set for June 5, 2000.
Although, a trial judge has great discretion in deciding whether to receive or refuse testimony objected to on the grounds of failure to abide by the pre-trial order, any doubt must be resolved in favor of receiving the information. Curry v. Johnson, 590 So.2d 1213, 1216, (La.App. 1 Cir.1991). Moreover, the trial court is given express authority by La. C.C.P. art. 1551 to modify pre-trial orders to prevent “manifest injustice.” Neff v. Rose, 546 So.2d 480, 483 (La.App. 4 Cir.1989). “While pre-trial orders assist the trial court in the orderly management of its cases, La. C.C.P. art. 1551 does not authorize severe limitation of a party’s rights for the technical, though justifiable, violation of a pre-trial order.” Id.
Several circumstances of the instant case warrant modification of the pretrial order to prevent substantial injustice. The most important of those circumstances is the fact that the plaintiff settled with Dillon’s co-defendants after the signing of the pre-trial order. Despite the fact that the ■ expert witnesses were not expressly listed on Dillon’s witness lists, the plaintiffs were placed on notice of the existence of the experts well before the date the case was set for trial because their names appeared on the witness lists submitted by Dillon’s co-defendants.
The plaintiffs claim that the trial court decision should not be disturbed because they depended on Dillon’s representations that it had not retained any experts in this case. However, Dillon also included the following entries on its witness lists filed prior to the date the plaintiffs settled with the co-defendants:
| o20) Any witness identified through discovery
21) Any witness called to testify by any part to this lawsuit
Thus, the fact that Dillon stated that it has not “retained” any witnesses could not logically be interpreted as a commitment not to “call” any witnesses to testify.
The trial court struck only the testimony of those witnesses that the plaintiffs did not actually depose. Under the circumstances, any failure by the plaintiffs to depose expert witnesses listed by the settling co-defendants should not be used to deny Dillon the right to present important expert testimony in defense of its case. This is especially true because the trial is still three months away, and the plaintiffs can still be given an opportunity to depose the experts who they previously neglected to depose, should the trial court think it is necessary to protect the rights of the plaintiffs.
Although Dillon may have technically violated the pre-trial court, that violation must be considered justified under the circumstances of this case. Under the rule enunciated by this court in Neff, the trial court should not impose a severe limitation on Dillon’s rights because of its technical violation. 546 So.2d at 483. Accordingly, the trial court judgment striking the testimony of the expert witnesses is reversed, and the plaintiffs’ motion to strike is denied. The case is remanded for further proceedings consistent with this disposition.