Richard C. **SADLER,** Plaintiff,

v.

**MORAN TOWING CORPORATION,**
et ano., Defendants.

No. 01 Civ.1666(LAK).

United States District Court,
S.D. New York.

May 29, 2002.

Peter M. Commette, Fort Lauderdale, FL, for Plaintiff.

Jethro M. Eisenstein, Profeta & Eisenstein, New York City, for Defendants.

**MEMORANDUM OPINION**

KAPLAN, District Judge.

Plaintiff, a deckhand on the JUDY MORAN, a tug boat operated by defendant Moran Towing Corporation ("Moran"), was injured in the course of his employment as the tug broke tow with a barge owned by defendant Seaboard Barge Corporation ("Seaboard"). At the time, plaintiff was at the stern of the tug retrieving cable. He

alleges that the mate on the barge let the cable go too fast, causing the cable to yank hard on plaintiff's gloved hands and shoulders and, to some extent, to fall into the water. Plaintiff then pulled quickly on the heavy cable in an effort to prevent it from being caught in the propellers. This yanking and pulling allegedly caused serious injury.

Plaintiff has brought this action under the Jones Act[1] and, insofar as the suit is against Moran, on a theory of unseaworthiness.[2] Defendants move for partial summary judgment dismissing the unseaworthiness claim which, as limited by plaintiff's brief in opposition to the motion, is based on only two contentions. The first is that the vessel failed to assign two seaman to the task which plaintiff was performing.[3] Second, he asserts that the tug captain's alleged failure to warn plaintiff of imminent danger as the stem of the tug slipped out from beneath the bow of the barge constituted unseaworthiness.[4]

## I

It is significant to note at the outset that plaintiff's Rule 56.1 Statement, although it states that "plaintiff does not agree with numerous of the defendants' statements of 'uncontroverted fact,' " does not respond to defendants' Rule 56.1 Statement point-by-point, does not identify which of defendants' statements of uncontroverted fact actually are disputed, and does not cite any evidence in support of plaintiff's contention that some of the facts are disputed. Plaintiff's statement therefore does not comply with Local Civ. R. 56.1(b) and (d), so the facts set forth in defendants' Rule 56.1 Statement are deemed admitted.[5]

## II

The first of plaintiff's unseaworthiness claims is based on the uncontroversial proposition that the seaworthiness of a vessel depends, in part, upon the assignment of sufficient crew members to a particular task.[6] Defendants having placed in issue plaintiff's ability to sustain his ultimate burden of proving unseaworthiness, it fell upon plaintiff to come forward on this motion with evidence that at least two seamen should have been assigned to the task plaintiff was performing at the time of his injury.[7] In order to avoid summary judgment, moreover, the evidence must be such as would be admissible at trial.[8]

---

1. 46 App.U.S.C. § 688.

2. Plaintiff's answers to defendants' interrogatory no. 2 disavows any claim of unseaworthiness against Seaboard. Eisenstein Aff. Ex. 3.

3. Pl. Mem. 1–2.

4. *Id.* 5.

5. S.D.N.Y. Civ. R. 56.1(c).

6. *See Waldron v. Moore–McCormack Lines, Inc.,* 386 U.S. 724, 87 S.Ct. 1410, 18 L.Ed.2d 482 (1967).

7. *E.g., Nebraska v. Wyoming,* 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993) (when non-moving party bears burden of proof at trial, moving party is entitled to summary judgment if non-movant fails to make showing on essential element of its claim); *Goenaga v. March of Dimes Birth Defects*

*Foundation,* 51 F.3d 14, 18 (2d Cir.1995) ("In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim.") (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); *Clark v. Meyer,* 188 F.Supp.2d 416, 423 & n. 39 (S.D.N.Y.2002); *Frank v. Plaza Constr. Corp.,* 186 F.Supp.2d 420, 434 & n. 75 (S.D.N.Y.2002); *Diamond Direct, LLC v. Star Diamond Group, Inc.,* 116 F.Supp.2d 525, 531 & n. 38 (S.D.N.Y.2000).

8. Fed.R.Civ.P. 56(e) requires that evidence in support of and in opposition to summary judgment motions be admissible in evidence. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.,* 269 F.3d 114, 123 (2d Cir.2001); *Raskin v. Wyatt,* 125 F.3d 55, 66 (2d Cir.1997).

Plaintiff contends that summary judgment on the understaffing theory would be inappropriate because "Captain Reid, the plaintiff's expert is of the opinion that two seaman [*sic*] should have been assigned this duty." [9] The problem, however, is twofold. First, plaintiff has submitted neither an affidavit nor deposition testimony of Captain Reid, relying instead on his unsworn, unauthenticated letters to plaintiff's counsel. (Def. Notice of Motion, Ex. 7) Hence, there is no admissible evidence of what Captain Reid would say.[10] More basically, even if the Court were to overlook the failure to satisfy Rule 56(e), Captain Reid's letters simply do not say what plaintiff's counsel claims they say. The closest he comes is the conclusion in his December 11, 2001 letter, which reads:

"It is my opinion that principal cause of the plaintiff's injury was the bargeman's negligence for either dropping or rapidly slacking-off the bridle (at excessive speed) after casting it off from the barge's forward port bitt. This occurred in spite of orders given by the tug's mate."

"It is also my opinion that the failure of OS Edward Piazza or Asst. Eng. Dave Wasniewski to assist [plaintiff] in retrieving the cable, after the fact, may have aggravated his injuries."

This letter plainly does not support plaintiff's contention that at least two men should have been assigned to the task that plaintiff was performing when the tug broke tow. It does not even address that issue. The questions whether Captain Reid would be permitted to testify at trial that the failure to assign others to help plaintiff in retrieving the cable "may have aggravated his injuries" and, if so, whether such testimony would be sufficient to avoid judgment for Moran as a matter of law is only modestly more difficult.

We start from the proposition that a seaman seeking recovery on the ground of unseaworthiness must establish that the unseaworthy condition proximately caused his injury.[11] Further, "[t]he standard of causation for unseaworthiness is more strict than for a Jones Act claim of negligence." [12] Thus, in order to defeat Moran's motion for partial summary judgment, plaintiff must adduce evidence from which the trier of fact would be justified in concluding that the failure to assign additional personnel to retrieving the cable from the water rendered the vessel unseaworthy and that this more likely than not contributed to plaintiff's injury.

It is far from clear that Captain Reid's letter should be construed as expressing the view that the failure to assign additional personnel rendered the vessel unseaworthy. But there is no need to rely on that point. Even if it would be sufficient to create a genuine issue of fact on that point, it surely would not sustain plaintiff's burden on causation.

To begin with, Captain Reid certainly is not competent to offer expert testimony on the physiological effect on plaintiff of pulling the cable out of the water by himself. He is not a physician or

---

9. Pl. Mem. 2.

10. The letters of course are not affidavits and, if offered at trial, would be excluded as hearsay.

11. See *Smith v. Trans-World Drilling Co.*, 772 F.2d 157, 162 (5th Cir.1985); *In re Marine Sulphur Queen*, 460 F.2d 89, 98–100 (2d Cir.), cert. denied, *U.S. Fire Ins. Co. v. Marine Sul-*

*phur Transp. Co.*, 409 U.S. 982, 93 S.Ct. 318, 34 L.Ed.2d 246 (1972); *Saleh v. United States*, 849 F.Supp. 886, 894–95 (S.D.N.Y.1994); *Herrmann v. Nicor Marine, Inc.*, 664 F.Supp. 241, 244 (E.D.La.1985); 1 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 6–25, at 336 (1994).

12. *Comeaux v. T.L. James & Co.*, 702 F.2d 1023, 1024 (5th Cir.1983).

other health sciences expert. He is, in that respect, a lay person. There is no reason to suppose that his view, even if it were expressed in more certain terms, would be helpful to the trier of fact.

■ Even if a lay opinion as to the physical effect of hauling the cable might be helpful to a trier of fact, this opinion would not meet that standard. "Expert witnesses ... need not be subjectively certain or totally convinced about their opinions or other testimony for the testimony to be admissible."[13] Equally, however, "[t]estimony based on guesswork, speculation, or conjecture is inadmissible."[14] Here, Captain Reid's supposition that hauling the cable "may have" contributed to plaintiff's injury is unsupported by anything suggesting a view on his part that it more likely than not did so.

This conclusion is supported by *Mayhew v. Bell Steamship Co.*,[15] which is quite comparable to this case. The seaman plaintiff in that case sought recovery under the Jones Act for a back injury allegedly caused by his carrying heavy lines across defendant's vessel. He relied upon the testimony of his treating physician that the incident in question "could have ... induced the" injury. In sustaining the trial court's exclusion of the physician's opinion, the Court of Appeals wrote that:

"Although a Jones Act plaintiff need not present medical evidence that the defendant's negligence was *the* proximate cause of the injury, we believe that a medical expert must be able to articulate that there is more than a mere possibility that a causal relationship exists between the defendant's negligence and the injury for which the plaintiff seeks damages."[16]

This case is *a fortiori* from *Mayhew.* Certainly if a Jones Act plaintiff, who has a minimal burden on the issue of causation,[17] is not entitled to the receipt in evidence of testimony that a particular incident may or could have caused injury, the same is true for an unseaworthiness plaintiff, who must meet a more exacting burden.

In all the circumstances, this Court concludes that the opinion expressed in Captain Reid's letter, even if it had been expressed in an affidavit and thus appropriately been considered on a motion for summary judgment, would be inadmissible.

## III

■ Plaintiff's argument that the tug captain's failure to warn plaintiff that the stern of the tug had slipped out from beneath the bow of the barge rendered the tug unseaworthy is of no greater avail. It is far from clear that a vessel is rendered unseaworthy by a failure to warn of a dangerous condition.[18] Putting that aside, however, it is clear in this case that there was no causal connection between any failure to warn and plaintiff's injury. Plaintiff's deposition testimony demonstrates beyond doubt that he was fully aware that the stern of the tug had slipped out from beneath the bow of the barge prior to his hauling the cable out of the water.[19]

---

13. 4 Jack B. Weinstein & Margaret A. Berger, 4 Weinstein's Federal Evidence § 702.04[5], at 702–56 (2d ed.2001).

14. *Id.* at 702–57.

15. 917 F.2d 961 (6th Cir.1990).

16. *Id.* at 963.

17. *See, e.g., Comeaux, supra,* 702 F.2d 1023.

18. *See, e.g.,* 1 Schoenbaum, *supra,* § 6–26, at 344 ("as an irreducible minimum, there must be an unsafe condition or defect in the vessel").

19. Sadler Dep. (Eisenstein Aff. Ex. 4) 65–71.

## IV

For all of the foregoing reasons, defendants' motion for partial summary judgment dismissing the unseaworthiness claim is granted and that claim dismissed.

The parties have expressed a desire to proceed to mediation. They are at liberty to do so. The scheduling order, however, remains in effect and the case will be reached for trial as promptly as possible.

SO ORDERED.