353 So.2d 864 (1977)
Jorge TROCHEZ, Appellant,
v.
The HOLLAND-AMERICAN CRUISE LINES, the Monarch Cruise Lines, and the "Monarch Sun", Appellees.
No. 76-2042.
District Court of Appeal of Florida, Third District.
December 13, 1977.
Rehearing Denied January 26, 1978.
*865 William Huggett, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Knight and Frank J. Marston and C. Douglas Skinner, Miami, for appellees.
Before HENDRY, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an appeal by Jorge Trochez, a seaman, from a summary judgment for defendant in this negligence action instituted under the Jones Act (46 U.S.C.A. § 688).
Trochez was employed aboard a cruise ship owned and operated by the defendant-appellee, The Monarch Cruise Lines, and while carrying a large pressure hose, he tripped on the raised metal lip which was protruding out from the top of one of the ship's stairways and slipped, falling head first 12 feet down the stairway which was wet at the time. Having sustained serious personal injury, Trochez filed the instant action against Monarch Cruise Lines pursuant to the Jones Act (46 U.S.C.A. § 688). He alleged that Monarch was negligent in (1) maintenance of the ship, (2) failure to warn him about the protruding lip, (3) failure to adequately light the stairway, and (4) failure to provide an adequate number of co-workers for safe performance of the jobs assigned to him. Defendant answered alleging that Trochez's injuries were the result of his own failure to maintain due diligence or reasonable care for his own safety and welfare. Following pre-trial discovery, Monarch moved for summary judgment. In opposition to this motion, affidavits of two fellow crewmen who witnessed the accident were filed on behalf of Trochez. The affidavits stated that the hose which Trochez was carrying at the time of the accident was very heavy and he should have had assistance; that assistance with such tasks had on previous occasions been requested, but the ship's officers had refused the requests because there were too few crewmembers. The affiants further stated that just after washing down the decks, Trochez slipped on the metal lip at the top of the stairway which was very steep. After hearing, the trial judge entered summary judgment in favor of Monarch. We reverse.
A party moving for summary judgment must show conclusively the non-existence of a genuine issue of material fact and then that he or she is entitled to a *866 judgment as a matter of law. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Visingardi v. Tirone, 193 So.2d 601 (Fla. 1966). As our Supreme Court further pointed out in Wills v. Sears, Roebuck & Company, 351 So.2d 29, at p. 31 (Fla.Sup., opinion filed September 8, 1977) in negligence actions like the case sub judice, the movant's burden is even more onerous where summary judgment procedures historically have been employed with special care because unless a movant can show unequivocally that there was no negligence or that plaintiff's negligence was the sole proximate cause of the injury, courts will not be disposed to granting a summary judgment in his or her favor. Further, under the Jones Act it is not necessary to show that the employer's negligence was the proximate cause of the injury, but it is sufficient to establish a jury question by simply showing some negligence on the part of the employer coupled by direct or circumstantial evidence to the injury of the employee. See Gaymon v. Quinn Menhaden Fisheries of Texas, Inc., 118 So.2d 42 (Fla. 1st DCA 1960) and cases cited therein.
In applying these principles, we find there are genuine issues of material fact in the instant case thereby precluding the entry of a summary judgment. For example, the issue of whether Monarch was negligent in not providing another crewman to assist Trochez in carrying the hose. There are also remaining issues to be resolved with respect to the condition of the stairs (wetness and steepness) at the time of the accident and the protruding metal lip as contributing factors to the accident.
Accordingly, the summary judgment appealed is reversed and the cause remanded for further proceedings.
Reversed and remanded.