491 So.2d 325 (1986)
Jorge SOLANO, Appellant,
v.
CARNIVAL CRUISE LINES, INC., and Festival Maritime, Inc., Appellees.
No. 85-1563.
District Court of Appeal of Florida, Third District.
July 15, 1986.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Charles R. Lipcon, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and John W. Keller, III, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.

ON MOTION FOR CLARIFICATION GRANTED
PER CURIAM.
The appellees' motion for clarification is granted. The opinion of this court filed on May 13, 1986, is hereby withdrawn, and the following opinion is adopted in its stead.
We agree with the appellant, plaintiff below, that the trial court erred in directing a verdict in favor of the appellees, defendants below, on the basis that in the absence of expert testimony there was no evidence to go to the jury which would establish that any acts or omissions by the appellees proximately caused the appellant's injuries. Contrary to appellees' assertion, appellant was competent to testify as a lay witness regarding the effect that noxious fumes which emanated from an oil-base paint had upon his body while painting a ship's generator room without ventilation (the doors were closed at the direction of a superior officer so that the odors would not bother passengers).
Solano testified, without contradiction, that the fumes from the paint caused him to become dizzy, resulting in his subsequent slip and fall. No expert testimony was required to establish a prima facie case in this Jones Act/unseaworthiness proceeding. See Curry v. *326 Fluor Drilling Services, Inc., 715 F.2d 893 (5th Cir.1983).
Given the "featherweight" burden of proof necessary to establish Jones Act negligence and/or the exceptionally light burden of proof necessary to establish proximate cause in unseaworthiness cases, it was error for the trial court to have directed a verdict. See Robin v. Wilson Brothers Drilling, 719 F.2d 96 (5th Cir.1983); Thezan v. Maritime Overseas Corp., 708 F.2d 175, 180 (5th Cir.1983), cert. denied, 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984); Johnnessen v. Gulf Trading & Transportation Co., 633 F.2d 653 (2d Cir.1980); see also Chisholm v. Sabine Towing & Transportation Co., 679 F.2d 60 (5th Cir.1982).
Reversed and remanded for further proceedings.