679 So.2d 811 (1996)
Favio WAGGON-DIXON, Appellant,
v.
ROYAL CARIBBEAN CRUISES, LTD., Appellee.
No. 94-1569.
District Court of Appeal of Florida, Third District.
July 31, 1996.
Rehearing Denied October 9, 1996.
*812 Cooper & Wolfe and Sharon Wolfe; Charles Lipcon, Miami, for appellant.
Hicks, Anderson & Blum and Alyssa Campbell, Miami; McIntosh Sawran & Craven, Fort Lauderdale, for appellee.
Before BARKDULL, JORGENSON and LEVY, JJ.
LEVY, Judge.
Favio Waggon-Dixon (hereinafter "Waggon-Dixon"), plaintiff below, appeals a trial court order denying a Motion for Judgment Notwithstanding the Verdict or, in the alternative, for a New Trial. Specifically, Waggon-Dixon contends that the trial court erred in granting a directed verdict in favor of the appellee on his claim of unseaworthiness. We agree. Accordingly, we reverse and remand for a new trial on that count.
*813 Waggon-Dixon was hired by Royal Caribbean Cruise, Ltd. (hereinafter "RCCL") to work on one of its vessels as a cabin steward. While the ship was en route from France to the United States, Waggon-Dixon suffered a severe injury. On the morning of the injury, Waggon-Dixon awoke at 6:00 A.M., attended a staff meeting, and then went to breakfast. Later, as Waggon-Dixon was carrying a heavy bag of dirty laundry down the stairs, he slipped and fell, suffering a torsion of his left testicle. Waggon-Dixon alleged that the stairs were wet and dirty and that the weight of the dirty laundry unbalanced him, causing him to fall and suffer the twisting of the left testicle. RCCL, on the other hand, maintains that Waggon-Dixon did not fall down the stairs, but rather, that as a result of a pre-existing susceptibility to that type of injury which happened to manifest itself that morning, the torsion of his left testicle occurred when he awoke that morning.
Waggon-Dixon filed the instant case in Dade County, alleging Jones Act negligence on the part of RCCL, unseaworthiness, failure to treat, retaliatory discharge, and willful failure to pay maintenance and cure. RCCL moved for a directed verdict on the two claims of "Maintenance and Cure" and "Unseaworthiness". The trial court denied the motion for directed verdict on the Maintenance and Cure claim, but granted the motion for directed verdict with respect to Waggon-Dixon's Unseaworthiness claim.
The trial court erred in granting RCCL's motion for directed verdict regarding Waggon-Dixon's claim of Unseaworthiness. A motion for a directed verdict may be granted only where reasonable minds could not differ on the question of whether the unseaworthy condition of the vessel caused the plaintiff's injury. See Phillips v. Western Co. of N. Am., 953 F.2d 923, 928 (5th Cir. 1992); Johnson v. Bryant, 671 F.2d 1276, 1279 (11th Cir.1982)("The question of unseaworthiness is ordinarily one for the jury and only in a rare case can a vessel be unseaworthy as a matter of law.") (citations omitted); Solano v. Carnival Cruise Lines, Inc., 491 So.2d 325 (Fla. 3d DCA 1986). In the instant case, Waggon-Dixon based his claim of unseaworthiness on two grounds. The appellant alleged that the condition of the ship itself was defective and, furthermore, that RCCL did not properly train its cabin stewards how to carry heavy objects such as laundry bags on the stairs. The trial court directed a verdict in favor of RCCL because Waggon-Dixon failed to present any evidence that the ship itself was defective.
However, in doing so, the trial court erred because the question of whether a vessel is seaworthy extends beyond the actual physical condition of the vessel. See Deakle v. John E. Graham & Sons, 756 F.2d 821 (11th Cir.1985). For example, a shipowner's duty to ensure that its vessel is seaworthy encompasses the obligation to provide a competent crew for the vessel. An unprovoked, sudden, and unusually savage assault by one seaman against another constitutes a breach of the owner's duty to provide a seaworthy vessel. Id. at 825. The duty to provide a seaworthy vessel obliges the owner of a vessel to provide its seamen with the proper equipment to carry out their respective jobs. Hussein v. Isthmian Lines, Inc., 405 F.2d 946, 947 (5th Cir.1968). An unsafe working environment may also lead to a finding of unseaworthiness. Wiley v. Stensaker Schiffahrtsges, 557 F.2d 1168, 1170 (5th Cir.1977), cert. denied, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978) (determining that loading practice led to slippery condition on steel-rung ladder thus breaching shipowner's duty of seaworthiness); Courville v. Cardinal Wireline Specialists, Inc., 775 F.Supp. 929 (W.D.La.1991) (requiring crew to climb steep narrow stairs without skid resistant tape created unseaworthy condition).
Finally, the failure to properly train or supervise the crew of a vessel may lead to a finding of unseaworthiness. Brown v. Cliff's Drilling Co., 638 F.Supp. 1009 (E.D.Tex.1986). In the instant case, Waggon-Dixon claims that RCCL breached its duty to provide a seaworthy vessel when it failed to properly train its cabin stewards how to carry heavy objects on the stairs. The issue of inadequate training is a question that must be reserved for the jury and cannot be answered as a matter of law. Phillips; Johnson; Solano.
*814 Moreover, even if Waggon-Dixon contended that RCCL's only breach of its duty regarding seaworthiness related to a defective condition of the ship, the trial court would still have been held to have erred in directing a verdict on that count based upon the trial court's's view that Waggon-Dixon had presented insufficient evidence that the ship was defective. In Solano, this court held that the trial court erred in directing a verdict where a ship painter's uncontradicted testimony regarding the effect of paint fumes on his body was sufficient to establish a prima facie case of unseaworthiness. 491 So.2d at 325. Similarly, in the instant case, Waggon-Dixon's uncontradicted testimony regarding the wet, slippery condition of the stairs was sufficient to establish a prima facie case of unseaworthiness and, consequently, makes this a question that must be answered by a jury, rather than by the Court as a matter of law.
Therefore, we remand this cause for a new trial regarding the count of seaworthiness only. As to all other points on appeal and cross-appeal, we find them to be without merit and accordingly do not specifically address them herein.
Affirmed in part, reversed in part and remanded.