USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT __________________ No. 96-1217 JAMES FERRARA, Plaintiff, Appellant, v. A. & V. FISHING, INC., Defendant, Appellee. __________________ ERRATA SHEET The opinion of this Court issued on October 21, 1996, is amended as follows: On page 15, after the first full paragraph, add the following additional two paragraphs: It may be helpful to add one further word. In the district court, before the plaintiff moved for summary judgment on unseaworthiness, a pretrial conference was held in which defense counsel stated: "This is an unseaworthiness case, essentially," a point on which he elaborated at some length without contradiction from plaintiff's counsel. When plaintiff then moved for summary judgment on this issue, the district judge evidently believed that the entire case had been submitted and that plaintiff had narrowed his entire case to the unseaworthiness issue.  Having lost on the summary judgment motion, and on its motion for reconsideration, plaintiff eventually sought to press again on the negligence claim and on the maintenance and cure claim. We think that the subsequent confusion is largely due to the way in which counsel presented the case at the initial conference and in subsequent pleadings; but neither is there any indication that plaintiff's counsel explicitly abandoned the negligence or maintenance and cure claims. Under these circumstances, and without expressing any view whatever on the merits of these latter claims, we think that they have to be addressed. [FOR COPY WITH ADDENDUM, PLEASE CONTACT THE CLERK'S OFFICE] UNITED STATES COURT OF APPEALS For the First Circuit ____________________ No. 96-1217 JAMES FERRARA, Plaintiff, Appellant, v. A. & V. FISHING, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Joseph M. Orlando with whom Paul L. Lees and Orlando & Associates __________________ ____________ ____________________ were on brief for appellant. Leonard H. Kesten with whom Steven C. Sharaf, Deidre Brennan ___________________ __________________ _______________ Regan, and Brody, Hardoon, Perkins & Kesten were on brief for _____ ____________________________________ appellee. ____________________ October 21, 1996 ____________________ BOWNES, Senior Circuit Judge. The first appeal in BOWNES, Senior Circuit Judge. ____________________ this admiralty case foundered on the final judgment rule, 28 U.S.C. 1291. That procedural shoal has been cleared and the case now refloats to us as an appeal by plaintiff- appellant James Ferrara from summary judgment for defendant- appellee A. & V. Fishing, Inc. In order to understand the issues before us we must navigate the procedural history of the case. I. I. The facts are not in dispute. Plaintiff was the captain of the fishing vessel Josephine Marie. The vessel was on an extended fishing trip during January and early February of 1992. On January 28, 1992, the vessel was inspected at sea by the Coast Guard; no safety violations or unsafe conditions were found. On its way home on February 2, the ship struck an unknown submerged object. It began to take on water, and after a number of hours, sank. It sank stern first and as the stern went deeper into the waters, the bow was raised. As a result, the stairs running from the pilothouse were pitched at a steep angle. Plaintiff fell as he descended the stairs and injured his knee. Because of his injury, he was unable to make it to a life raft and had to jump into the sea in order to avoid going down with the ship. The sea at the time was running rough and it took a -2- 2 considerable time before he was rescued. Plaintiff suffered physical and psychological injuries.  Plaintiff filed a three count complaint on March 16, 1993. Count one sounded in Jones Act negligence, count two alleged unseaworthiness, and count three invoked the doctrine of maintenance and cure. On May 5, 1994, after a pretrial conference, the district court ordered that motions for summary judgment be filed. Plaintiff filed a motion for summary judgment. The first paragraph stated: Now comes the plaintiff, James Ferrara, in the above-captioned action, and respectfully requests pursuant to Rule 56 of the Federal Rules of Civil Procedure that this Honorable Court grant summary judgment in his favor on the issue of ________________ unseaworthiness of the F/V JOSEPHINE & _______________ [sic] MARIE. (Emphasis ours.) Plaintiff's memorandum in support of his motion for summary judgment focused solely on unseaworthiness. Negligence and maintenance and cure were not mentioned. Plaintiff's statement of facts admitted that the vessel had no mechanical problems, the pumps were operational and had never malfunctioned, and there had been no problems with the main rudder, the steering mechanism, or the main engine. Plaintiff's theory of unseaworthiness was that, as the vessel began to sink, "she became entirely unfit for her intended purpose; that is to float and to fish." He also claimed that because of the steep angle, the stairs from the pilothouse -3- 3 were no longer fit for their intended purpose and this rendered the vessel unseaworthy. Defendant filed an opposition to plaintiff's motion for summary judgment and a cross-motion for summary judgment in which it argued that the vessel was not unseaworthy. On May 11, 1995, the district court ordered summary judgment for defendant. In its three-page memorandum explaining its judgment, the court found that the sinking of the Josephine Marie was due to its striking an unknown submerged object and that this fell within the "perils of the sea" doctrine. It held: The court therefore concludes that, on the facts presented here, the "perils of the sea" defense covers not only damages caused by the collision with the sunken object, but also the resulting injuries to the plaintiff.2 __________ 2It is important to recognize that unseaworthiness may sometimes arise after the ship has left harbor. Mitchell v. ___________ Trawler Racer, Inc., 362 U.S. 539, 549-50 ___________________ (1960). For the purposes of this case, the crucial issue is the cause of the unseaworthy condition, not the point at which the condition arose. Like the parties, the court did not address either negligence or maintenance and cure. Nevertheless, the district court docket shows an entry dated May 12, 1995, stating: "Case closed." -4- 4 On June 12, 1995, plaintiff filed a motion for reconsideration of the summary judgment order. In his supporting memorandum, plaintiff claimed that the court had misunderstood the plaintiff's factual claim on the unseaworthiness count. Defendant opposed the motion for reconsideration on the grounds that it was too late for new theories and the court did not misunderstand plaintiff's original theory. The district court denied plaintiff's reconsideration motion on June 29, 1995. It also denied defendant's motion for costs and sanctions. Its order states, "Summary Judgment having been entered with respect to Counts I and II of plaintiff's complaint the above case is hereby closed." This was the first mention by the court of count one. On July 19, 1995, plaintiff moved to amend the order of June 29, closing the case. The motion pointed out that count one (Jones Act negligence) and count three (maintenance and cure) had not been briefed by either party for summary judgment disposition. The record shows that this assertion is correct. The motion also tried to resurrect the unseaworthi-ness count. Defendant opposed the motion. The court denied plaintiff's motion on August 19, 1995. The court's order stated: This court's May 11, 1995 Memorandum and Order disposed of all Plaintiff's -5- 5 claims. The Plaintiff's Motion to Amend Order Dismissing and Closing the Case is therefore DENIED. IT IS SO ORDERED. Plaintiff then appealed, referencing the district court's orders of May 11, 1995, June 29, 1995, and August 19, 1995. There was a flurry of motions, now of no moment, addressed to the question of whether the appeal was late. On January 12, 1996, we dismissed the appeal because it was from orders not meeting the finality requirements of the final judgment rule. A copy of our order is attached to this opinion as an addendum. After discussing the procedural situation, we ended by stating: "If it is the district court's intention to dismiss all three counts and enter a final judgment, it should enter a judgment so providing, from which an appeal may be taken." The district court responded to our order on January 19, 1996, by issuing an amended order stating: "Summary Judgment having been entered with respect to Counts I, II, and III of plaintiff's complaint, the above-captioned case is closed." II. II. Before considering the appeal directly, a recapitulation of the pertinent admiralty law is in order. It has long been established under admiralty law that claims for unseaworthiness, Jones Act negligence, and maintenance -6- 6 and cure are separate and distinct causes of action, each with its own unique elements. In fact,  [a] major burden of the [Supreme Court's] decisions spelling out the nature and scope of the cause of action for unseaworthiness has been insistence upon the point that it is a remedy separate from, independent of, and additional to other claims against the shipowner, whether created by statute [the Jones Act] or under general maritime law [maintenance and cure].  Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 498 (1971), __________________________________ reh'g denied, 401 U.S. 1015; Mitchell v. Trawler Racer, Inc., _____ ______ _______________________________ 362 U.S. 539, 550 (1960)("What has evolved is a complete divorcement of unseaworthiness liability from concepts of negligence."). The distinctions between these separate claims retain validity today. See Miles v. Apex Marine ___ ______________________ Corp., 498 U.S. 19, 29 (1990). _____ We have consistently held that liability under the doctrine of unseaworthiness is not dependent upon theories of negligence. CEH, Inc. v. F/V Seafarer, 70 F.3d 694, 700 n.6 _________________________ (1st Cir. 1995)("[A] plaintiff . . . could bring a Jones Act claim, which required a showing of negligence, and/or a general maritime unseaworthiness claim, which required no showing of fault."). We have also distinguished a claim for maintenance and cure as separate from other maritime causes of action. LeBlanc v. B.G.T. Corp., 992 F.2d 394, 397 (1st _______________________ Cir. 1993)(Maintenance and cure "is curative in nature and thus to be distinguished from other admiralty rights, such as -7- 7 the right to recover lost wages or the right to recover for a shipowner's negligence, which are compensatory.").  The distinctions are not purely academic borders separating the same substantive law for purposes of pleading. Indeed, a district court's failure to acknowledge the three doctrines' substantive differences usually requires reversal. In Vargas v. McNamara, 608 F.2d 15 (1st Cir. 1979), we ___________________ vacated the district court's denial of plaintiff's motion to amend the complaint to add a count of unseaworthiness after the court had raised the issue sua sponte. Id. at 19. The ___ ______ ___ district court denied leave to amend as futile "because unseaworthiness had not been established by the evidence," which had focused exclusively on the question of negligence. Id. at 18. We responded that "liability under ___ unseaworthiness principles is not dependent upon fault." Id. ___ at 19 (citing Mitchell, 362 U.S. at 549). We remanded the ________ case for reconsideration of the motion to amend, and if allowed, trial on the claim of unseaworthiness. Id. at 21.  ___ Other circuit courts agree that unseaworthiness, Jones Act negligence, and maintenance and cure are causes of action distinct from each other. Stanislawski v. Upper River ___________________________ Servs., Inc., 6 F.3d 537, 540 (8th Cir. 1993); Chisholm v. _____________ ___________ Sabine Towing & Transp. Co., Inc., 679 F.2d 60, 62 (5th Cir. _________________________________ 1982); Liner v. J.B. Talley and Co., Inc., 618 F.2d 327, 332 ___________________________________ (5th Cir.), reh'g denied 623 F.2d 711 (1980).  ____________ -8- 8 A brief examination of the contours of each cause of action demonstrates the necessity of maintaining the distinctions. A. Unseaworthiness A. Unseaworthiness A claim based on unseaworthiness enforces the shipowner's "absolute duty to provide to every member of his crew 'a vessel and appurtenances reasonably fit for their intended use.'" Hubbard v. Faros Fisheries, Inc., 626 F.2d _________________________________ 196, 199 (1st Cir. 1980)(quoting Mitchell, 362 U.S. at 550); ________ McAleer v. Smith, 57 F.3d 109, 112 (1st Cir. 1995). The duty ________________ includes maintaining the ship and her equipment in a proper operating condition, and can be breached either by transitory or by permanent defects in the equipment. Hubbard, 626 F.2d _______ at 199. A "temporary and unforeseeable malfunction or failure of a piece of equipment under proper and expected use is sufficient to establish a claim of damages for unseaworthiness." Id. (citing Usner, 400 U.S. at 499). ___ _____ Finally, the injured seaman must prove that the unseaworthy condition was the sole or proximate cause of the injury sustained. Id. Although the duty is absolute, "[t]he ___ standard is not perfection, but reasonable fitness; not a ship that will weather every imaginable peril of the sea, but a vessel reasonably suitable for her intended service." Mitchell, 362 U.S. at 550.  ________ -9- 9 Most important to this discussion is that a claim of unseaworthiness is not dependent upon a finding of negligence. "The reason, of course, is that unseaworthiness is a condition, and how that condition came into being -- _________ whether by negligence or otherwise -- is quite irrelevant to the owner's liability for personal injuries resulting from it." Usner, 400 U.S. at 498 (emphasis in original). _____ B. Jones Act Negligence B. Jones Act Negligence A short description of the origins of the Jones Act illustrates the historical distinction between claims brought under the Act, and those brought under general maritime law. Early in this century, the Supreme Court ruled that seamen could recover under general maritime law for unseaworthiness and for maintenance and cure, but not for negligence. The ___ Osceola, 189 U.S. 158 (1903). In response, Congress passed _______ the Jones Act which provided injured seamen with "an action for damages at law." 46 U.S.C. 688. Seamen may, therefore, maintain an action where an employer's failure to exercise reasonable care causes a subsequent injury even where the employer's negligence did not render the ship unseaworthy. See Toucet v. Maritime Overseas Corp., 991 F.2d ___ _________________________________ 5, 10 (1st Cir. 1993). Jones Act negligence differs, however, from that of ordinary common law negligence. Under the Jones Act, a plaintiff's burden for proving causation is considerably -10- 10 lower than what the common law requires. "A plaintiff's burden of proving causation under the Jones Act is 'featherweight.'" Toucet, 991 F.2d at 10 (citation omitted). ______ Liability, therefore, "exists if the employer's negligence contributed even in the slightest to the plaintiff's injury." Id.  ___ C. Maintenance and Cure C. Maintenance and Cure "From time immemorial, the law of the sea has required shipowners to ensure the maintenance and cure of seamen who fall ill or become injured while in service of the ship." LeBlanc, 992 F.2d at 396 (citing Benedict on _______ ____________ Admiralty, 41-42 (6th ed. 1993)); see Aguilar v. Standard _________ ___ ___________________ Oil Co. of N.J., 318 U.S. 724, 730-33 (1943). The term _________________ refers to "the provision of, or payment for, food and lodging ('maintenance') as well as any necessary health-care expenses ('cure') incurred during the period of recovery from an injury or malady." LeBlanc, 992 F.2d at 397. The right _______ attaches "largely without regard to fault; a seaman may forfeit his entitlement only by engaging in gross misconduct." Id. The entitlement attaches until the seaman ___ is "so far cured as possible." Id. (quoting Farrell v. ___ __________ United States, 336 U.S. 511, 518 (1949)). And finally, the _____________ right is available only to a "seaman" who is "in service of the ship" at the time of the injury or onset of illness. Id. ___ -11- 11 (citing Aguilar, 318 U.S. at 732); Osceola, 189 U.S. at 175. _______ _______ -12- 12 III. III. We now examine plaintiff's appeal from summary judgment for defendant on all three counts. We employ the well-established standard of review of summary judgments. Our review is plenary, and the facts are viewed in the light most favorable to the non-moving party -- here the plaintiff. Borschow Hosp. and Medical Supplies, Inc. v. Cesar Castillo, _____________________________________________________________ Inc., No. 96-1113, slip op. at 3 (Sept. 23, 1996). We may ____ not affirm an order granting summary judgment unless there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. at 8. ___ We start with the unseaworthiness claim, count two. Based on the facts as stated by plaintiff in his complaint and in his papers filed in the district court on the cross- motions for summary judgment, we agree with the district court that the "perils of the sea" doctrine mandated summary judgment for defendant. In the context of this case, the perils of the sea doctrine excuses the owner/operator from liability when "those perils which are peculiar to the sea, and which are of an extraordinary nature or arise from irresistible force or overwhelming power, and which cannot be guarded against by the ordinary exertions of human skill and prudence" intervene to cause the damage or injury. R.T. Jones Lumber Co., Inc. ____________________________ -13- 13 v. Roen S.S. Co., 270 F.2d 456, 458 (2d Cir. 1959)(citation ________________ omitted). Two characteristics of the doctrine inform the discussion as it relates to the present case. First, a peril of the sea is an unforeseeable situation. Pace, 838 F.2d at ____ 577 (peril of the sea described as "unknown and unascertainable") (quoting Boston Ins. Co. v. Dehydrating ________________________________ Process Co., 204 F.2d 441, 443 (1st Cir. 1953)). Second, the ___________ determination of whether a peril of the sea exists "is wholly dependent on the facts of each case and is not amenable to a general standard." Thyssen, 21 F.3d at 539; see Taisho _______ ___ ______ Marine & Fire Ins. Co., Ltd. v. M/V Sea-Land Endurance, 815 ________________________________________________________ F.2d 1270, 1271 (9th Cir. 1987).  The memorandum opinion includes recitation of two facts important to this analysis: (1) both parties agreed "that the ship was seaworthy at all times until the ship struck the submerged object and began to take on water," and (2) both parties agreed that a submerged object qualifies as a "peril of the sea."  The court below determined that in striking a submerged object, the wholly seaworthy Josephine Marie encountered a peril of the sea which caused the hull to rupture and the vessel to sink, thereby defeating plaintiff's claim of unseaworthiness. Ferrara, slip op. at _______ 3. Certainly, a submerged object lurking below the surface -14- 14 of apparently navigable waters satisfies the requirement of unforeseeability. Applying the perils of the sea doctrine to the stipulated facts, the collision with the submerged object was "unknown and unascertainable." Plaintiff himself stipulated both that the vessel was seaworthy until it struck the submerged object, and that a submerged object constitutes a peril of the sea. The district court was, therefore, correct when it determined that a peril of the sea was the cause of the vessel's sinking and consequentially the plaintiff's injuries. Plaintiff has attempted to change the stipulated facts and his theory of unseaworthiness after summary judgment issued. He did this by alleging, in his motion for reconsideration below and in argument to this court, that the district court misunderstood his claim of unseaworthiness. As he put it in his motion for reconsideration: It is not the plaintiff's contention that the sinking vessel caused Mr. Ferrara's injuries. Rather, it is the plaintiff's position that the collapse of the bulkhead wall between the lazarette and the fish hold was the unseaworthy condition which caused Mr. Ferrara's injury. This contention was not made either explicitly or impliedly in plaintiff's summary judgment submissions. His claim that the district court "misunderstood" his unseaworthiness claim is an egregious contrivance to avoid our firmly embedded rule that we will not consider on appeal theories not timely -15- 15 advanced in the district court. United States v. Alzanki, 54 ________________________ F.3d 994, 1009 (1st Cir. 1995), cert. denied, 116 S. Ct. 909 _____ ______ (1996); Sandstrom v. ChemLawn Corp., 904 F.2d 83, 86 (1st _____________________________ Cir. 1990).  As already noted, neither the Jones Act negligence count nor the maintenance and cure count were submitted to the court for summary judgment decision or argued to it. Nor does the record indicate that the court in fact gave any consideration to either of these issues, before or after our first remand order in this case. The judgments on counts one and three must, therefore, be vacated and remanded to the district court for further proceedings. It may be helpful to add one further word. In the district court, before the plaintiff moved for summary judgment on unseaworthiness, a pretrial conference was held in which defense counsel stated: "This is an unseaworthiness case, essentially," a point on which he elaborated at some length without contradiction from plaintiff's counsel. When plaintiff then moved for summary judgment on this issue, the district judge evidently believed that the entire case had been submitted and that plaintiff had narrowed his entire case to the unseaworthiness issue.  Having lost on the summary judgment motion, and on its motion for reconsideration, plaintiff eventually sought to press again on the negligence claim and on the maintenance -16- 16 and cure claim. We think that the subsequent confusion is largely due to the way in which counsel presented the case at the initial conference and in subsequent pleadings; but neither is there any indication that plaintiff's counsel explicitly abandoned the negligence or maintenance and cure claims. Under these circumstances, and without expressing any view whatever on the merits of these latter claims, we think that they have to be addressed. Although the district court is free to treat the remanded counts as it deems best, we note that the record discloses that discovery was completed as to all counts.  Conclusion Conclusion The summary judgment on count one is vacated and remanded for further proceedings. The summary judgment on count two is affirmed. The summary judgment on count three is vacated and remanded for further proceedings. No costs to either party.  So Ordered. So Ordered. ___________ -17- 17