788 So.2d 351 (2001)
Frederick LANE, Appellant,
v.
Jane G. TRIPP, Appellee.
No. 3D00-2195.
District Court of Appeal of Florida, Third District.
June 13, 2001.
Sweetapple, Broeker & Varkas, Boca Raton, and Paul B. Feltman, for appellant.
*352 Horr, Novak & Skipp and Johnathan Skipp and Stephanie H. Wylie, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and RAMIREZ, JJ.
PER CURIAM.
Frederick Lane, the plaintiff below, appeals from adverse orders granting summary judgment on his Jones Act negligence and unseaworthiness claims. For the following reasons, we reverse.
The plaintiff, a seaman, was employed by the defendant, Jane Tripp, as a crew member on her 90-foot yacht. On July 14, 1994, during the course of a voyage to Maine, the vessel stopped in Atlantic City, New Jersey. The crew started to clean the vessel. After cleaning the Eisen glass, the plaintiff attempted to dismount the console, slipped on the wet footrest, and severely injured his knee.
The plaintiff sued Tripp claiming the footrest was unseaworthy. In March 1997, the court granted summary judgment for Tripp on the plaintiff's unseaworthiness claim. The court then granted the plaintiff's motion to amend his complaint to add a claim for negligence under the Jones Act, 46 U.S.C.App. § 688. In March 2000, the parties proceeded to trial solely on the Jones Act negligence claim. The jury deliberated for several hours and appeared deadlocked. The court granted a mistrial. The defendant then moved for summary judgment on the Jones Act negligence claim, which the court granted. This appeal follows.
The plaintiff first argues that the trial court erred in entering summary judgment on his Jones Act negligence claim. We agree. In a Jones Act negligence case, the movant for summary judgment bears a more onerous burden than in other cases. See Trochez v. Holland-American Cruise Lines, 353 So.2d 864 (Fla. 3d DCA 1977). There must be a complete absence of probative facts to support a claim of negligence before the court can grant summary judgment. Dos Santos v. Ajax Nav. Corp., 531 So.2d 231 (Fla. 3d DCA 1988) ("In a Jones Act case a simple showing of some negligence on the part of the employer coupled by direct or circumstantial evidence to the injury sustained by the employee creates a jury question."); see also Johnson v. Bryant, 671 F.2d 1276, 1279 (11th Cir.1982). The plaintiff has a "featherweight" burden of proof in establishing a claim for Jones Act negligence. Ribitzki v. Canmar Reading & Bates, Ltd., 111 F.3d 658 (9th Cir.1997); Bavaro v. Grand Victoria Casino, 2001 WL 289782 (N.D.Ill. March 15, 2001).
The defendant cites Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 339 (5th Cir.1997) for the proposition that the standard of care under the Jones Act is no longer "slightest causation," but ordinary prudence, and that this court's decision in Solano v. Carnival Cruise Lines, Inc., 491 So.2d 325 (Fla. 3d DCA 1986) is in conflict. We disagree. The defendant misreads Gautreaux, which concerned the duty of care owed and comparative negligence, not the plaintiff's evidentiary burden to overcome a motion for summary judgment. The court in Gautreaux explained that the term "slightest negligence," used by the U.S. Supreme Court in Rogers v. Missouri Pac. R.R., 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), referred to the quantum of evidence necessary to sustain a jury verdict. The prevailing law is still that the plaintiff has a featherweight burden to overcome a motion for summary judgment in a Jones Act negligence case. See Bavaro, 2001 WL 289782. The trial court erred in granting summary judgment on the plaintiff's Jones Act negligence claim because the plaintiff adduced sufficient evidence *353 to satisfy his burden of proof. The order granting summary judgment for the defendant on the plaintiff's Jones Act negligence claim is reversed.
We also agree with the plaintiff that the trial court erred in granting summary judgment on his unseaworthiness claim. Summary judgment on an unseaworthiness claim can be granted only where reasonable minds could not differ on the question of whether the unseaworthy condition of the vessel caused the plaintiff's injury. See Waggon-Dixon v. Royal Caribbean Cruises, Ltd., 679 So.2d 811, 813 (Fla. 3d DCA 1996). A shipowner may be liable for a temporary unseaworthy condition. Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 549-50, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960). If equipment is used in an unsafe manner or not in accordance with recognized custom, then it can be considered unseaworthy. Mitchell, 362 U.S. at 540, 80 S.Ct. 926 (a shipowner is liable for an unseaworthy condition of a slippery rail which the seaman stepped on "in accord with recognized custom"); Ferrara v. A. & V. Fishing, Inc., 99 F.3d 449 (1st Cir.1996). The issue of whether the footrest was unseaworthy due to the lack of non-skid coating is for a jury to decide. See Waggon-Dixon, 679 So.2d 811 (reversing summary judgment because issues regarding wet, steep stairs on vessel created jury question). The order granting summary judgment on the plaintiffs unseaworthiness claim is reversed.
Reversed and remanded for further proceedings.