COHEN, J.
Appellant, Gabor F. Gabriel (“Gabriel”), appeals from the trial court’s summary judgment of his complaint for unseaworthiness, Jones Act[1] negligence, and maintenance and cure, entered in favor of Appel-lee, Magical Cruise Company, Ltd., d/b/a Disney Cruise Line (“DCL”). Finding no error as to the unseaworthiness and negligence claim related to the cause of his injuries, we affirm without comment.
Gabriel, a professional musician, sustained an injury during the course of his employment aboard a DCL cruise ship in 2007. After receiving medical care on-board and from a specialist in the Caribbean, he went on medical disembark and was treated by Dr. Ferenc Tóth, an orthopedic surgeon. Dr. Tóth performed two surgeries to treat the loss of movement in Gabriel’s shoulder, a torn rotator cuff, and tennis elbow.
Subsequent to the procedures, Dr. Tóth issued two reports detailing his opinion and recommendations as to Gabriel’s wellness. In the first report, dated January 4, 2008, the doctor opined that Gabriel’s shoulder and elbow had fully recovered, that Gabriel had achieved maximum medical improvement (“MMI”), and that Gabriel could return to playing music professionally. The second report, however, dated January 29, 2008, clearly advised against his returning to his craft. Also in the second report, the doctor confirmed the success of the surgeries and that Gabriel, while not fully improved, reached *1123 the “possible” level of improvement. It is undisputed that DCL covered Gabriel’s medical expenses up to January 2008.
Several months later, Gabriel began playing music again and the pain returned. He sought further treatment and consequently filed this action against DCL. Two of the four counts of the complaint alleged that DCL failed to provide him with maintenance and cure for his injuries, and that DCL was negligent under the Jones Act for failing to provide him with prompt and adequate medical care. In support of his claims, Gabriel alleged he had not reached MMI in January 2008.
In late 2009, Dr. Stephen Wender, an orthopedic surgeon, examined Gabriel and opined in an affidavit that Gabriel had not reached MMI in January 2008. Several months after issuing the affidavit, Dr. Wender was deposed by DCL’s counsel regarding Dr. Toth’s reports and opinion. DCL asked Dr. Wender whether Dr. Toth’s reports reflected an unequivocal MMI date, which he agreed they did. DCL then questioned whether Dr. Wender had “[a]ny reason to doubt” what was reflected in Dr. Toth’s reports, which he did not. Finally, Dr. Wender was asked— from his “interpretation” of Dr. Toth’s reports — whether Gabriel reached MMI in January 2008, to which he answered yes.
Pursuant to Dr. Toth’s reports and Dr. Wender’s deposition testimony, DCL moved for summary judgment, arguing there was no dispute DCL provided the required maintenance and cure and proper medical care until Gabriel reached MMI in January 2008. After a hearing, the trial court granted DCL’s motion for summary judgment.
“Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law.” Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126,130 (Fla.2000); see Fla. R. Civ. P. 1.510(c). The burden of proving the nonexistence of any genuine issue of material fact is on the moving party. Hall v. Talcott, 191 So.2d 40, 43 (Fla.1966); see also Lane v. Tripp, 788 So.2d 351, 352 (Fla. 3d DCA 2001) (providing that movant has more onerous burden in Jones Act negligence cases). The evidence contained in the record, including any supporting affidavits, must be viewed in the light most favorable to the non-moving party. Krol v. City of Orlando, 778 So.2d 490, 492 (Fla. 5th DCA 2001). If the slightest doubt exists, then summary judgment must be reversed. See Sierra v. Shevin, 767 So.2d 524, 525 (Fla. 3d DCA 2000).
Under general maritime law, a seaman has the right to receive compensation for food, lodging, and medical services resulting from illnesses or injuries suffered while working aboard a ship. Vaughan v. Atkinson, 369 U.S. 527, 531, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); see also Langmead v. Admiral Cruises, Inc., 610 So.2d 565, 567 (Fla. 3d DCA 1992). The duty to provide said compensation, i.e., maintenance and cure, continues during a seaman’s recuperative period until “maximum medical recovery,” or MMI, is reached. Vaughan, 369 U.S. at 531, 82 S.Ct. 997.
Dr. Wender’s affidavit stating Gabriel had not reached MMI in January 2008 establishes a genuine issue as to a material fact precluding summary judgment. DCL claims Dr. Wender changed his opinion at his deposition, but its position would require an inference upon an inference that this Court is unwilling to make. A fair reading of the deposition testimony reveals that DCL failed to ask Dr. Wender whether he changed his medical opinion expressed in the affidavit. Instead, DCL asked ambiguous questions at the deposition about Dr. Wender’s inter *1124 pretation of the MMI date reflected in Dr. Toth’s reports.[2]
Reversal of the maintenance and cure claim, however, does not necessarily equate to reversal of Gabriel’s second Jones Act claim that DCL was negligent for failing to provide prompt and adequate medical care after January 2008. See generally Olsen v. Am. S.S. Co., 176 F.3d 891, 895 (6th Cir.1999) (identifying shipowner’s failure of duty to provide prompt and adequate medical care to sick or injured crewman as Jones Act negligence claim). A shipowner is required to provide prompt and adequate medical care as is reasonable under the circumstances. Garay v. Carnival Cruise Line, Inc., 904 F.2d 1527, 1533 n. 6 (11th Cir.1990) (citing Barlow v. Pan Atl. S.S. Corp., 101 F.2d 697, 698 (2d Cir. 1939)). There is no duty to provide such care to the limits of MMI. Garay, 904 F.2d at n. 6. As there is no evidence of negligence concerning the medical care Gabriel received from the date of his injury to January 2008, the trial court’s entry of summary judgment as to this claim is affirmed.
Accordingly, the trial court’s entry of summary judgment as to the maintenance and cure claim is reversed. Summary judgment as to the prompt and adequate medical care claim is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
GRIFFIN and SAWAYA, JJ., concur.

. 46 U.S.C. § 30104(2008).

. Gleaning from the record and the trial court's ruling, this Court cannot determine whether maintenance and cure would be barred at any point after January 2008 due to willful misbehavior on Gabriel’s part for playing music professionally after receiving Dr. Toth's instructions to the contrary. See Aguilar v. Standard Oil Co. of N.J., 318 U.S. 724, 731, 63 S.Ct. 930, 87 L.Ed. 1107 (1943) (providing that willful misbehavior deprives a seaman of maintenance and cure).